UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                              :
UNITED STATES OF AMERICA      :  SUPERSEDING INDICTMENT
                              :
     - v. -                   :  S1 20 Cr. 330 (AJN)
                              :
GHISLAINE MAXWELL,            :
                              :
          Defendant.          :
                              :
- - - - - - - - - - - - - - - x

## COUNT ONE
**(Conspiracy to Entice Minors to Travel to Engage in Illegal Sex Acts)**

The Grand Jury charges:

### OVERVIEW

1. The charges set forth herein stem from the role of GHISLAINE MAXWELL, the defendant, in the sexual exploitation and abuse of multiple minor girls by Jeffrey Epstein. In particular, from at least in or about 1994, up to and including at least in or about 1997, MAXWELL assisted, facilitated, and contributed to Jeffrey Epstein's abuse of minor girls by, among other things, helping Epstein to recruit, groom, and ultimately abuse victims known to MAXWELL and Epstein to be under the age of 18. The victims were as young as 14 years old when they were groomed and abused by MAXWELL and Epstein, both of whom knew that certain victims were in fact under the age of 18.

2. As a part and in furtherance of their scheme to abuse minor victims, GHISLAINE MAXWELL, the defendant, and Jeffrey Epstein enticed and caused minor victims to travel to

Epstein's residences in different states, which MAXWELL knew and intended would result in their grooming for and subjection to sexual abuse. Moreover, in an effort to conceal her crimes, MAXWELL repeatedly lied when questioned about her conduct, including in relation to some of the minor victims described herein, when providing testimony under oath in 2016.

**FACTUAL BACKGROUND**

3. During the time periods charged in this Indictment, GHISLAINE MAXWELL, the defendant, had a personal and professional relationship with Jeffrey Epstein and was among his closest associates. In particular, between in or about 1994 and in or about 1997, MAXWELL was in an intimate relationship with Epstein and also was paid by Epstein to manage his various properties. Over the course of their relationship, MAXWELL and Epstein were photographed together on multiple occasions, including in the below image:



4. Beginning in at least 1994, GHISLAINE MAXWELL, the defendant, enticed and groomed multiple minor girls to engage in sex acts with Jeffrey Epstein, through a variety of means and methods, including but not limited to the following:

a. MAXWELL first attempted to befriend some of Epstein's minor victims prior to their abuse, including by asking the victims about their lives, their schools, and their families. MAXWELL and Epstein would spend time building friendships with minor victims by, for example, taking minor victims to the movies or shopping. Some of these outings would involve MAXWELL and Epstein spending time together with a minor victim, while some would involve MAXWELL or Epstein spending time alone with a minor victim.

b. Having developed a rapport with a victim, MAXWELL would try to normalize sexual abuse for a minor victim by, among other things, discussing sexual topics, undressing in front of the victim, being present when a minor victim was undressed, and/or being present for sex acts involving the minor victim and Epstein.

c. MAXWELL'S presence during minor victims' interactions with Epstein, including interactions where the minor victim was undressed or that involved sex acts with Epstein, helped put the victims at ease because an adult woman was present. For example, in some instances, MAXWELL would

massage Epstein in front of a minor victim. In other instances, MAXWELL encouraged minor victims to provide massages to Epstein, including sexualized massages during which a minor victim would be fully or partially nude. Many of those massages resulted in Epstein sexually abusing the minor victims.

d. In addition, Epstein offered to help some minor victims by paying for travel and/or educational opportunities, and MAXWELL encouraged certain victims to accept Epstein's assistance. As a result, victims were made to feel indebted and believed that MAXWELL and Epstein were trying to help them.

e. Through this process, MAXWELL and Epstein enticed victims to engage in sexual activity with Epstein. In some instances, MAXWELL was present for and participated in the sexual abuse of minor victims. Some such incidents occurred in the context of massages, which developed into sexual encounters.

5. GHISLAINE MAXWELL, the defendant, facilitated Jeffrey Epstein's access to minor victims knowing that he had a sexual preference for underage girls and that he intended to engage in sexual activity with those victims. Epstein's resulting abuse of minor victims included, among other things, touching a victim's breast, touching a victim's genitals, placing a sex toy such as a vibrator on a victim's genitals,

4

directing a victim to touch Epstein while he masturbated, and directing a victim to touch Epstein's genitals.

**MAXWELL AND EPSTEIN'S VICTIMS**

6. Between approximately in or about 1994 and in or about 1997, GHISLAINE MAXWELL, the defendant, facilitated Jeffrey Epstein's access to minor victims by, among other things, inducing and enticing, and aiding and abetting the inducement and enticement of, multiple minor victims. Victims were groomed and/or abused at multiple locations, including the following:

    a. A a multi-story private residence on the Upper East Side of Manhattan, New York owned by Epstein (the "New York Residence"), which is depicted in the following photograph:



b. An estate in Palm Beach, Florida owned by Epstein (the "Palm Beach Residence"), which is depicted in the following photograph:



c. A ranch in Santa Fe, New Mexico owned by Epstein (the "New Mexico Residence"), which is depicted in the following photograph:



d. MAXWELL's personal residence in London, England.

7. Among the victims induced or enticed by GHISLAINE MAXWELL, the defendant, were minor victims identified herein as Minor Victim-1, Minor Victim-2, and Minor Victim-3. In particular, and during time periods relevant to this Indictment, MAXWELL engaged in the following acts, among others, with respect to minor victims:

a. MAXWELL met Minor Victim-1 when Minor Victim-1 was approximately 14 years old. MAXWELL subsequently interacted with Minor Victim-1 on multiple occasions at Epstein's residences, knowing that Minor Victim-1 was under the age of 18 at the time. During these interactions, which took place between approximately 1994 and 1997, MAXWELL groomed Minor Victim-1 to engage in sexual acts with Epstein through multiple means. First, MAXWELL and Epstein attempted to befriend Minor Victim-1, taking her to the movies and on shopping trips. MAXWELL also asked Minor Victim-1 about school, her classes, her family, and other aspects of her life. MAXWELL then sought to normalize inappropriate and abusive conduct by, among other things, undressing in front of Minor Victim-1 and being present when Minor Victim-1 undressed in front of Epstein. Within the first year after MAXWELL and Epstein met Minor Victim-1, Epstein began sexually abusing Minor Victim-1. MAXWELL was present for

and involved in some of this abuse. In particular, MAXWELL involved Minor Victim-1 in group sexualized massages of Epstein. During those group sexualized massages, MAXWELL and/or Minor Victim-1 would engage in sex acts with Epstein. Epstein and MAXWELL both encouraged Minor Victim-1 to travel to Epstein's residences in both New York and Florida. As a result, Minor Victim-1 was sexually abused by Epstein in both New York and Florida. Minor Victim-1 was enticed to travel across state lines for the purpose of sexual encounters with Epstein, and MAXWELL was aware that Epstein engaged in sexual activity with Minor Victim-1 after Minor-Victim-1 traveled to Epstein's properties, including in the context of a sexualized massage.

    b. MAXWELL interacted with Minor Victim-2 on at least one occasion in or about 1996 at Epstein's residence in New Mexico when Minor Victim-2 was under the age of 18. Minor Victim-2 had flown into New Mexico from out of state at Epstein's invitation for the purpose of being groomed for and/or subjected to acts of sexual abuse. MAXWELL knew that Minor Victim-2 was under the age of 18 at the time. While in New Mexico, MAXWELL and Epstein took Minor Victim-2 to a movie and MAXWELL took Minor Victim-2 shopping. MAXWELL also discussed Minor Victim-2's school, classes, and family with Minor Victim-2. In New Mexico, MAXWELL began her efforts to groom Minor Victim-2 for abuse by Epstein by, among other things, providing

8

an unsolicited massage to Minor Victim-2, during which Minor Victim-2 was topless. MAXWELL also encouraged Minor Victim-2 to massage Epstein.

    c. MAXWELL groomed and befriended Minor Victim-3 in London, England between approximately 1994 and 1995, including during a period of time in which MAXWELL knew that Minor Victim-3 was under the age of 18. Among other things, MAXWELL discussed Minor Victim-3's life and family with Minor Victim-3. MAXWELL introduced Minor Victim-3 to Epstein and arranged for multiple interactions between Minor Victim-3 and Epstein. During those interactions, MAXWELL encouraged Minor Victim-3 to massage Epstein, knowing that Epstein would engage in sex acts with Minor Victim-3 during those massages. Minor Victim-3 provided Epstein with the requested massages, and during those massages, Epstein sexually abused Minor Victim-3. MAXWELL was aware that Epstein engaged in sexual activity with Minor Victim-3 on multiple occasions, including at times when Minor Victim-3 was under the age of 18, including in the context of a sexualized massage.

### **MAXWELL'S EFFORTS TO CONCEAL HER CONDUCT**

  8. In or around 2016, in the context of a deposition as part of civil litigation, GHISLAINE MAXWELL, the defendant, repeatedly provided false and perjurious statements, under oath, regarding, among other subjects, her role in facilitating the

abuse of minor victims by Jeffrey Epstein, including some of the specific events and acts of abuse detailed above.

**STATUTORY ALLEGATIONS**

9. From at least in or about 1994, up to and including in or about 1997, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, enticement, in violation of Title 18, United States Code, Section 2422.

10. It was a part and object of the conspiracy that GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, would and did knowingly persuade, induce, entice, and coerce one and more individuals to travel in interstate and foreign commerce, to engage in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422.

Overt Acts

11. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. Between in or about 1994 and in or about 1997, when Minor Victim-1 was under the age of 18, MAXWELL participated in multiple group sexual encounters with Epstein and Minor Victim-1 in New York and Florida.

b. In or about 1996, when Minor Victim-1 was under the age of 18, Minor Victim-1 was enticed to travel from Florida to New York for purposes of sexually abusing her at the New York Residence, in violation of New York Penal Law, Section 130.55.

c. In or about 1996, when Minor Victim-2 was under the age of 18, MAXWELL provided Minor Victim-2 with an unsolicited massage in New Mexico, during which Minor Victim-2 was topless.

d. Between in or about 1994 and in or about 1995, when Minor Victim-3 was under the age of 18, MAXWELL encouraged Minor Victim-3 to provide massages to Epstein in London, England, knowing that Epstein intended to sexually abuse Minor Victim-3 during those massages.

(Title 18, United States Code, Section 371.)

## COUNT TWO
**(Enticement of a Minor to Travel to Engage in Illegal Sex Acts)**

The Grand Jury further charges:

12. The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth within.

13. From at least in or about 1994, up to and including in or about 1997, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, knowingly did persuade, induce, entice, and coerce an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, and aided and abetted the same, to wit, MAXWELL persuaded, induced, enticed, and coerced Minor Victim-1 to travel from Florida to New York, New York on multiple occasions with the intention that Minor Victim-1 would engage in one or more sex acts with Jeffrey Epstein, in violation of New York Penal Law, Section 130.55.

(Title 18, United States Code, Sections 2422 and 2.)

**COUNT THREE**
**(Conspiracy to Transport Minors with Intent to Engage in Criminal Sexual Activity)**

The Grand Jury further charges:

14. The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth within.

15. From at least in or about 1994, up to and including in or about 1997, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to

wit, transportation of minors, in violation of Title 18, United States Code, Section 2423(a).

16. It was a part and object of the conspiracy that GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, would and did, knowingly transport an individual who had not attained the age of 18 in interstate and foreign commerce, with intent that the individual engage in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(a).

### Overt Acts

17. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. Between in or about 1994 and in or about 1997, when Minor Victim-1 was under the age of 18, MAXWELL participated in multiple group sexual encounters with EPSTEIN and Minor Victim-1 in New York and Florida.

   b. In or about 1996, when Minor Victim-1 was under the age of 18, Minor Victim-1 was enticed to travel from Florida to New York for purposes of sexually abusing her at the

New York Residence, in violation of New York Penal Law, Section 130.55.

  c. In or about 1996, when Minor Victim-2 was under the age of 18, MAXWELL provided Minor Victim-2 with an unsolicited massage in New Mexico, during which Minor Victim-2 was topless.

  d. Between in or about 1994 and in or about 1995, when Minor Victim-3 was under the age of 18, MAXWELL encouraged Minor Victim-3 to provide massages to Epstein in London, England, knowing that Epstein intended to sexually abuse Minor Victim-3 during those massages.

(Title 18, United States Code, Section 371.)

**COUNT FOUR**
**(Transportation of a Minor with Intent to Engage in Criminal Sexual Activity)**

The Grand Jury further charges:

18. The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth within.

19. From at least in or about 1994, up to and including in or about 1997, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, knowingly did transport an individual who had not attained the age of 18 in interstate and foreign commerce, with the intent that the individual engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, and

aided and abetted the same, to wit, MAXWELL arranged for Minor Victim-1 to be transported from Florida to New York, New York on multiple occasions with the intention that Minor Victim-1 would engage in one or more sex acts with Jeffrey Epstein, in violation of New York Penal Law, Section 130.55.

(Title 18, United States Code, Sections 2423(a) and 2.)

### COUNT FIVE
### (Perjury)

The Grand Jury further charges:

20. The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth within.

21. On or about April 22, 2016, in the Southern District of New York, GHISLAINE MAXWELL, the defendant, having taken an oath to testify truthfully in a deposition in connection with a case then pending before the United States District Court for the Southern District of New York under docket number 15 Civ. 7433, knowingly made false material declarations, to wit, MAXWELL gave the following underlined false testimony:

> Q. Did Jeffrey Epstein have a scheme to recruit underage girls for sexual massages? If you know.
>
> A. <u>I don't know what you're talking about.</u>
>
> . . .

> Q. List all the people under the age of 18 that you interacted with at any of Jeffrey's properties?
>
> A. <u>I'm not aware of anybody that I interacted with, other than obviously [the plaintiff] who was 17 at this point.</u>

(Title 18, United States Code, Section 1623.)

## COUNT SIX
### (Perjury)

The Grand Jury further charges:

22. The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth within.

23. On or about July 22, 2016, in the Southern District of New York, GHISLAINE MAXWELL, the defendant, having taken an oath to testify truthfully in a deposition in connection with a case then pending before the United States District Court for the Southern District of New York under docket number 15 Civ. 7433, knowingly made false material declarations, to wit, MAXWELL gave the following underlined false testimony:

> Q: Were you aware of the presence of sex toys or devices used in sexual activities in Mr. Epstein's Palm Beach house?
>
> A: <u>No, not that I recall.</u> . . .
>
> Q. Do you know whether Mr. Epstein possessed sex toys or devices used in sexual activities?
>
> A. <u>No.</u>

16

. . .

Q. Other than yourself and the blond and brunette that you have identified as having been involved in three-way sexual activities, with whom did Mr. Epstein have sexual activities?

A. <u>I wasn't aware that he was having sexual activities with anyone when I was with him other than myself.</u>

Q. I want to be sure that I'm clear. Is it your testimony that in the 1990s and 2000s, you were not aware that Mr. Epstein was having sexual activities with anyone other than yourself and the blond and brunette on those few occasions when they were involved with you?

A. <u>That is my testimony, that is correct.</u>

. . .

Q. Is it your testimony that you've never given anybody a massage?

A. <u>I have not given anyone a massage.</u>

Q. You never gave Mr. Epstein a massage, is that your testimony?

A. <u>That is my testimony.</u>

Q. You never gave [Minor Victim-2] a massage is your testimony?

A. <u>I never gave [Minor Victim-2] a massage.</u>

(Title 18, United States Code, Section 1623.)

_____
FOREPERSON

_____
AUDREY STRAUSS
Acting United States Attorney

17

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

v.

**GHISLAINE MAXWELL,**

Defendant.

**SUPERSEDING INDICTMENT**

S1 20 Cr. 330 (AJN)

(18 U.S.C. §§ 371, 1623, 2422, 2423(a), and 2)

AUDREY STRAUSS
Acting United States Attorney

_____
Foreperson