ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -  x
                                :
  UNITED STATES OF AMERICA      :    SUPERSEDING INDICTMENT
                                :
          - v. -                :    S2 20 Cr. 330 (AJN)
                                :
  GHISLAINE MAXWELL,            :
                                :
          Defendant.            :
                                :
- - - - - - - - - - - - - - -  x

**COUNT ONE**
**(Conspiracy to Entice Minors to Travel to Engage in
Illegal Sex Acts)**

The Grand Jury charges:

**OVERVIEW**

1. The charges set forth herein stem from the role
of GHISLAINE MAXWELL, the defendant, in the sexual exploitation
and abuse of multiple minor girls by Jeffrey Epstein. In
particular, from at least in or about 1994, up to and including
at least in or about 2004, MAXWELL assisted, facilitated, and
contributed to Jeffrey Epstein's abuse of minor girls by, among
other things, helping Epstein to recruit, groom, and ultimately
abuse victims known to MAXWELL and Epstein to be under the age
of 18. The victims were as young as 14 years old when they were
groomed and abused by MAXWELL and Epstein, both of whom knew
that certain victims were in fact under the age of 18.

2. As a part and in furtherance of their scheme to
abuse minor victims, GHISLAINE MAXWELL, the defendant, and
Jeffrey Epstein enticed and caused minor victims to travel to

Epstein's residences in different states, which MAXWELL knew and intended would result in their grooming for and subjection to sexual abuse. Moreover, in an effort to conceal her crimes, MAXWELL repeatedly lied when questioned about her conduct, including in relation to some of the minor victims described herein, when providing testimony under oath in 2016.

**FACTUAL BACKGROUND**

3. During the time periods charged in this Indictment, GHISLAINE MAXWELL, the defendant, had a personal and professional relationship with Jeffrey Epstein and was among his closest associates. In particular, between in or about 1994 and in or about 1997, MAXWELL was in an intimate relationship with Epstein. Additionally, between in or about 1994 and in or about 2004, MAXWELL was paid by Epstein to manage his various properties.

4. Beginning in at least 1994, GHISLAINE MAXWELL, the defendant, enticed and groomed multiple minor girls to engage in sex acts with Jeffrey Epstein, through a variety of means and methods, including but not limited to the following:

a. MAXWELL first attempted to befriend some of Epstein's minor victims prior to their abuse, including by asking the victims about their lives, their schools, and their families. MAXWELL and Epstein would spend time building friendships with minor victims by, for example, taking minor

2

victims to the movies or shopping.  Some of these outings would involve MAXWELL and Epstein spending time together with a minor victim, while some would involve MAXWELL or Epstein spending time alone with a minor victim.

b.    Having developed a rapport with a victim, MAXWELL would try to normalize sexual abuse for a minor victim by, among other things, discussing sexual topics, undressing in front of the victim, being present when a minor victim was undressed, and/or being present for sex acts involving the minor victim and Epstein.

c.    MAXWELL'S presence during minor victims' interactions with Epstein, including interactions where the minor victim was undressed or that involved sex acts with Epstein, helped put the victims at ease because an adult woman was present.  For example, in some instances, MAXWELL would massage Epstein in front of a minor victim.  In other instances, MAXWELL encouraged minor victims to provide massages to Epstein, including sexualized massages during which a minor victim would be fully or partially nude.  Many of those massages resulted in Epstein sexually abusing the minor victims.

d.    In addition, Epstein offered to help some minor victims by paying for travel and/or educational opportunities, and MAXWELL encouraged certain victims to accept Epstein's assistance.  As a result, victims were made to feel

indebted and believed that MAXWELL and Epstein were trying to help them.

            e.    Through this process, MAXWELL and Epstein enticed victims to engage in sexual activity with Epstein. In some instances, MAXWELL was present for and participated in the sexual abuse of minor victims. Some such incidents occurred in the context of massages, which developed into sexual encounters.

            5.    Between approximately in or about 1994 and in or about 2004, GHISLAINE MAXWELL, the defendant, facilitated Jeffrey Epstein's access to minor victims by, among other things, inducing and enticing, and aiding and abetting the inducement and enticement of, multiple minor victims. Victims were groomed and/or abused at multiple locations, including the following:

            a.    A multi-story private residence on the Upper East Side of Manhattan, New York owned by Epstein (the "New York Residence").

            b.    An estate in Palm Beach, Florida owned by Epstein (the "Palm Beach Residence").

            c.    A ranch in Santa Fe, New Mexico owned by Epstein (the "New Mexico Residence").

            d.    MAXWELL's personal residence in London, England.

6. Additionally, beginning at least in or about 2001, GHISLAINE MAXWELL, the defendant, and Jeffrey Epstein enticed and recruited, and caused to be enticed and recruited, minor girls to visit Epstein's Palm Beach Residence to engage in sex acts with Epstein, after which Epstein, MAXWELL, or another employee of Epstein's would give the victims hundreds of dollars in cash. Epstein and MAXWELL encouraged one or more of those victims to travel with Epstein with the intention that the victim engage in sex acts with Epstein. Moreover, and in order to maintain and increase his supply of victims, Epstein, MAXWELL, and other Epstein employees also paid certain victims to recruit additional girls to be similarly abused by Epstein. In this way, Epstein and MAXWELL created a network of underage victims for him to sexually exploit.

7. Between at least in or about 2001 and in or about 2004, GHISLAINE MAXWELL, the defendant, and Epstein encouraged and enticed one or more minor victims to engage in paid sex acts with Epstein through a variety of means and methods, including but not limited to the following:

a. Epstein's employees, including, at times, MAXWELL, would call a victim to schedule an appointment for the victim to massage Epstein at his Palm Beach Residence. MAXWELL placed at least some of those calls while with Epstein in

Manhattan, New York. Epstein would often travel from New York to Florida, where he would then have the scheduled appointments.

b. When a victim initially arrived at the Palm Beach Residence, she would be greeted by an employee of Epstein's, including, at times, MAXWELL. The victim would then be escorted to a room with a massage table. Once inside, the victim would provide a nude or semi-nude massage for EPSTEIN, who would himself typically be naked. During these encounters, EPSTEIN would escalate the nature and scope of the physical contact to include sex acts such as groping and direct and indirect contact with the victim's genitals. EPSTEIN would also typically masturbate during these encounters, ask the victim to touch him while he masturbated, and touch the victim's genitals with his hands or with sex toys.

c. In connection with each sexual encounter, Epstein or one of his employees or associates, including, at times, MAXWELL, paid the victim in cash. Each victim was typically paid hundreds of dollars for each encounter.

8. GHISLAINE MAXWELL, the defendant, facilitated Jeffrey Epstein's access to minor victims knowing that he had a sexual preference for underage girls and that he intended to engage in sexual activity with those victims. Epstein's resulting abuse of minor victims included, among other things, touching a victim's breast, touching a victim's genitals,

placing a sex toy such as a vibrator on a victim's genitals, directing a victim to touch Epstein while he masturbated, and directing a victim to touch Epstein's genitals.

### MAXWELL AND EPSTEIN'S VICTIMS

9.    Among the victims induced or enticed by GHISLAINE MAXWELL, the defendant, were minor victims identified herein as Minor Victim-1, Minor Victim-2, Minor Victim-3, and Minor Victim-4.  In particular, and during time periods relevant to this Indictment, MAXWELL engaged in the following acts, among others, with respect to minor victims:

a.    MAXWELL met Minor Victim-1 when Minor Victim-1 was approximately 14 years old.  MAXWELL subsequently interacted with Minor Victim-1 on multiple occasions at Epstein's residences, knowing that Minor Victim-1 was under the age of 18 at the time.  During these interactions, which took place between approximately 1994 and 1997, MAXWELL groomed Minor Victim-1 to engage in sexual acts with Epstein through multiple means.  First, MAXWELL and Epstein attempted to befriend Minor Victim-1, taking her to the movies and on shopping trips. MAXWELL also asked Minor Victim-1 about school, her classes, her family, and other aspects of her life.  MAXWELL then sought to normalize inappropriate and abusive conduct by, among other things, undressing in front of Minor Victim-1 and being present when Minor Victim-1 undressed in front of Epstein.  Within the

first year after MAXWELL and Epstein met Minor Victim-1, Epstein began sexually abusing Minor Victim-1. MAXWELL was present for and involved in some of this abuse. In particular, MAXWELL involved Minor Victim-1 in group sexualized massages of Epstein. During those group sexualized massages, MAXWELL and/or Minor Victim-1 would engage in sex acts with Epstein. Epstein and MAXWELL both encouraged Minor Victim-1 to travel to Epstein's residences in both New York and Florida. As a result, Minor Victim-1 was sexually abused by Epstein in both New York and Florida. Minor Victim-1 was enticed to travel across state lines for the purpose of sexual encounters with Epstein, and MAXWELL was aware that Epstein engaged in sexual activity with Minor Victim-1 after Minor-Victim-1 traveled to Epstein's properties, including in the context of a sexualized massage.

b.    MAXWELL interacted with Minor Victim-2 on at least one occasion in or about 1996 at Epstein's residence in New Mexico when Minor Victim-2 was under the age of 18. Minor Victim-2 had flown into New Mexico from out of state at Epstein's invitation for the purpose of being groomed for and/or subjected to acts of sexual abuse. MAXWELL knew that Minor Victim-2 was under the age of 18 at the time. While in New Mexico, MAXWELL and Epstein took Minor Victim-2 to a movie and MAXWELL took Minor Victim-2 shopping. MAXWELL also discussed Minor Victim-2's school, classes, and family with Minor Victim-

2.  In New Mexico, MAXWELL began her efforts to groom Minor Victim-2 for abuse by Epstein by, among other things, providing an unsolicited massage to Minor Victim-2, during which Minor Victim-2 was topless.  MAXWELL also encouraged Minor Victim-2 to massage Epstein.

       c.  MAXWELL groomed and befriended Minor Victim-3 in London, England between approximately 1994 and 1995, including during a period of time in which MAXWELL knew that Minor Victim-3 was under the age of 18.  Among other things, MAXWELL discussed Minor Victim-3's life and family with Minor Victim-3.  MAXWELL introduced Minor Victim-3 to Epstein and arranged for multiple interactions between Minor Victim-3 and Epstein.  During those interactions, MAXWELL encouraged Minor Victim-3 to massage Epstein, knowing that Epstein would engage in sex acts with Minor Victim-3 during those massages.  Minor Victim-3 provided Epstein with the requested massages, and during those massages, Epstein sexually abused Minor Victim-3. MAXWELL was aware that Epstein engaged in sexual activity with Minor Victim-3 on multiple occasions, including at times when Minor Victim-3 was under the age of 18, including in the context of a sexualized massage.

       d.  Minor Victim-4 was recruited to provide Epstein with sexualized massages for which Minor Victim-4 was paid by Epstein and/or one of his associates, including, at

times, MAXWELL, at the Palm Beach Residence beginning in or
around 2001.  MAXWELL met Minor Victim-4 at Epstein's Palm Beach
Residence when Minor Victim-4 was approximately 14 years old.
MAXWELL subsequently interacted with Minor Victim-4 on multiple
occasions at Epstein's Palm Beach Residence, knowing that Minor
Victim-4 was under the age of 18 at the time.  During these
interactions, which took place between approximately 2001 and
2004, MAXWELL groomed Minor Victim-4 to engage in sexual acts
with Epstein through multiple means.  For example, MAXWELL asked
Minor Victim-4 about her family and other aspects of her life.
MAXWELL also sought to normalize inappropriate and abusive
conduct by, among other things, discussing sexual topics in
front of Minor Victim-4 and being present when Minor Victim-4
was nude in the massage room of the Palm Beach Residence.  On
multiple occasions between approximately 2001 and 2004, Minor
Victim-4 provided nude massages to Epstein at the Palm Beach
Residence, during which Epstein engaged in multiple sex acts
with Minor Victim-4.  Epstein's employees, including at times
MAXWELL, called Minor Victim-4, including from New York, to
schedule appointments for Minor Victim-4 to massage Epstein.
After each massage, Epstein or one of his employees, including
at times MAXWELL, paid Minor Victim-4 hundreds of dollars in
cash.  At some point during this period, both Epstein and
MAXWELL invited Minor Victim-4 to travel with Epstein and

offered to assist Minor Victim-4 with obtaining a passport for purposes of such travel, but Minor Victim-4 declined the invitation.  On multiple occasions between approximately 2001 and 2004, Epstein's employees, including at times MAXWELL, sent Minor Victim-4 gifts, including lingerie, from an address in Manhattan, New York to Minor Victim-4's residence in Florida. Epstein and MAXWELL each also encouraged Minor Victim-4 to recruit other young females to provide sexualized massages to Epstein.  In response, Minor Victim-4 brought multiple females, including girls under the age of 18, to provide sexualized massages for Epstein at the Palm Beach Residence.  On such occasions, both Minor Victim-4 and the girl she brought were paid hundreds of dollars in cash.

### MAXWELL'S EFFORTS TO CONCEAL HER CONDUCT

10.  In or around 2016, in the context of a deposition as part of civil litigation, GHISLAINE MAXWELL, the defendant, repeatedly provided false and perjurious statements, under oath, regarding, among other subjects, her role in facilitating the abuse of minor victims by Jeffrey Epstein, including some of the specific events and acts of abuse detailed above.

### STATUTORY ALLEGATIONS

11.  From at least in or about 1994, up to and including in or about 2004, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, Jeffrey

Epstein, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, enticement, in violation of Title 18, United States Code, Section 2422.

12.   It was a part and object of the conspiracy that GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, would and did knowingly persuade, induce, entice, and coerce one and more individuals to travel in interstate and foreign commerce, to engage in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422.

Overt Acts

13.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   Between in or about 1994 and in or about 1997, when Minor Victim-1 was under the age of 18, MAXWELL participated in multiple group sexual encounters with Epstein and Minor Victim-1 in New York and Florida.

b.   In or about 1996, when Minor Victim-1 was under the age of 18, Minor Victim-1 was enticed to travel from Florida to New York for purposes of sexually abusing her at the

New York Residence, in violation of New York Penal Law, Section
130.55.

        c.    In or about 1996, when Minor Victim-2 was
under the age of 18, MAXWELL provided Minor Victim-2 with an
unsolicited massage in New Mexico, during which Minor Victim-2
was topless.

        d.    Between in or about 1994 and in or about
1995, when Minor Victim-3 was under the age of 18, MAXWELL
encouraged Minor Victim-3 to provide massages to Epstein in
London, England, knowing that Epstein intended to sexually abuse
Minor Victim-3 during those massages.

        e.    Between in or about 2001 and in or about
2002, when Minor Victim-4 was under the age of 18, MAXWELL and
Epstein invited Minor Victim-4 to travel from Florida to a place
outside of Florida with Epstein.

      (Title 18, United States Code, Section 371.)

## COUNT TWO
**(Enticement of a Minor to Travel to Engage in Illegal Sex Acts)**

    The Grand Jury further charges:

    14.    The allegations contained in paragraphs 1 through
9 of this Indictment are repeated and realleged as if fully set
forth within.

    15.    From at least in or about 1994, up to and
including in or about 1997, in the Southern District of New York
and elsewhere, GHISLAINE MAXWELL, the defendant, knowingly did

persuade, induce, entice, and coerce an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, and aided and abetted the same, to wit, MAXWELL persuaded, induced, enticed, and coerced Minor Victim-1 to travel from Florida to New York, New York on multiple occasions with the intention that Minor Victim-1 would engage in one or more sex acts with Jeffrey Epstein, in violation of New York Penal Law, Section 130.55.

(Title 18, United States Code, Sections 2422 and 2.)

## COUNT THREE
### (Conspiracy to Transport Minors with Intent to Engage in Criminal Sexual Activity)

The Grand Jury further charges:

16.   The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

17.   From at least in or about 1994, up to and including in or about 2004, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, transportation of minors, in violation of Title 18, United States Code, Section 2423(a).

18.   It was a part and object of the conspiracy that
GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others
known and unknown, would and did, knowingly transport an
individual who had not attained the age of 18 years in
interstate and foreign commerce, with intent that the individual
engage in sexual activity for which a person can be charged with
a criminal offense, in violation of Title 18, United States
Code, Section 2423(a).

<u>Overt Acts</u>

19.   In furtherance of the conspiracy and to effect
the illegal object thereof, the following overt acts, among
others, were committed in the Southern District of New York and
elsewhere:

a.   Between in or about 1994 and in or about
1997, when Minor Victim-1 was under the age of 18, MAXWELL
participated in multiple group sexual encounters with EPSTEIN
and Minor Victim-1 in New York and Florida.

b.   In or about 1996, when Minor Victim-1 was
under the age of 18, Minor Victim-1 was enticed to travel from
Florida to New York for purposes of sexually abusing her at the
New York Residence, in violation of New York Penal Law, Section
130.55.

c.   In or about 1996, when Minor Victim-2 was
under the age of 18, MAXWELL provided Minor Victim-2 with an

15

unsolicited massage in New Mexico, during which Minor Victim-2 was topless.

        d.    Between in or about 1994 and in or about 1995, when Minor Victim-3 was under the age of 18, MAXWELL encouraged Minor Victim-3 to provide massages to Epstein in London, England, knowing that Epstein intended to sexually abuse Minor Victim-3 during those massages.

        e.    Between in or about 2001 and in or about 2002, when Minor Victim-4 was under the age of 18, MAXWELL and Epstein invited Minor Victim-4 to travel from Florida to a place outside of Florida with Epstein.

        (Title 18, United States Code, Section 371.)

### COUNT FOUR
### (Transportation of a Minor with Intent to Engage in Criminal Sexual Activity)

The Grand Jury further charges:

    20.    The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

    21.    From at least in or about 1994, up to and including in or about 1997, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, knowingly did transport an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that the individual engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, and

16

aided and abetted the same, to wit, MAXWELL arranged for Minor
Victim-1 to be transported from Florida to New York, New York on
multiple occasions with the intention that Minor Victim-1 would
engage in one or more sex acts with Jeffrey Epstein, in
violation of New York Penal Law, Section 130.55.

(Title 18, United States Code, Sections 2423(a) and 2.)

### COUNT FIVE
### (Sex Trafficking Conspiracy)

The Grand Jury further charges:

22.  The allegations contained in paragraphs 1 through
9 of this Indictment are repeated and realleged as if fully set
forth within.

23.  From at least in or about 2001, up to and
including in or about 2004, in the Southern District of New York
and elsewhere, GHISLAINE MAXWELL, the defendant, Jeffrey
Epstein, and others known and unknown, willfully and knowingly
did combine, conspire, confederate, and agree together and with
each other to commit an offense against the United States, to
wit, sex trafficking of minors, in violation of Title 18, United
States Code, Section 1591(a) and (b).

24.  It was a part and object of the conspiracy that
GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others
known and unknown, would and did, in and affecting interstate
and foreign commerce, recruit, entice, harbor, transport,
provide, and obtain, by any means a person, and to benefit,

17

financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a) and (b)(2).

### Overt Acts

25.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   Between in or about 2001 and in or about 2004, Epstein and MAXWELL recruited Minor Victim-4 to engage in sex acts with EPSTEIN at the Palm Beach Residence, after which Epstein and, at times, MAXWELL provided Minor Victim-4 with hundreds of dollars in cash for each encounter.   Minor Victim-4 truthfully told both Epstein and MAXWELL her age.

b.   Between in or about 2001 and in or about 2004, Epstein and MAXWELL both encouraged and enticed Minor Victim-4 to recruit other girls to engage in paid sex acts with Epstein, which she did.

c.   Between in or about 2001 and in or about 2004, Epstein's employees, including at times MAXWELL, sent Minor Victim-4 gifts, including lingerie, from an address in the Southern District of New York to Minor Victim-4's residence in

18

Florida.  For example, on one occasion in or about October of 2002, Epstein caused a package to be sent by Federal Express from an address in Manhattan to Minor Victim-4 in Florida.

d.    On multiple occasions between in or about 2001 and in or about 2004, Epstein, MAXWELL, or one of Epstein's other employees called Minor Victim-4 to schedule an appointment for Minor Victim-4 to massage Epstein.  For example, in or about April of 2004 and May of 2004 another employee of Epstein's called Minor Victim-4 to schedule such appointments.

(Title 18, United States Code, Section 371.)

## COUNT SIX
### (Sex Trafficking of a Minor)

The Grand Jury further charges:

26.  The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

27.  From at least in or about 2001, up to and including in or about 2004, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, willfully and knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, and obtain by any means a person, knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, and did aid and abet the same, to wit, MAXWELL recruited, enticed, harbored, transported, provided, and obtained

19

individuals who were less than 18 years old, including but not limited to Minor Victim-4, as described above, and who were then caused to engage in at least one commercial sex act with Jeffrey Epstein, and aided and abetted the same.

(Title 18, United States Code, Section 1591(a),
(b)(2), and 2.)

### COUNT SEVEN
### (Perjury)

The Grand Jury further charges:

28.  The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

29.  On or about April 22, 2016, in the Southern District of New York, GHISLAINE MAXWELL, the defendant, having taken an oath to testify truthfully in a deposition in connection with a case then pending before the United States District Court for the Southern District of New York under docket number 15 Civ. 7433, knowingly made false material declarations, to wit, MAXWELL gave the following underlined false testimony:

> Q.   Did Jeffrey Epstein have a scheme to recruit underage girls for sexual massages?  If you know.
>
> A.   <u>I don't know what you're talking about.</u>
>
> .  .  .
>
> Q.   List all the people under the age of 18 that you interacted with at any of Jeffrey's properties?

> A.    I'm not aware of anybody that I interacted with, other than obviously [the plaintiff] who was 17 at this point.

(Title 18, United States Code, Section 1623.)

## COUNT EIGHT
### (Perjury)

The Grand Jury further charges:

30.   The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

31.   On or about July 22, 2016, in the Southern District of New York, GHISLAINE MAXWELL, the defendant, having taken an oath to testify truthfully in a deposition in connection with a case then pending before the United States District Court for the Southern District of New York under docket number 15 Civ. 7433, knowingly made false material declarations, to wit, MAXWELL gave the following underlined false testimony:

> Q:    Were you aware of the presence of sex toys or devices used in sexual activities in Mr. Epstein's Palm Beach house?
>
> A:    No, not that I recall. . . .
>
> Q.    Do you know whether Mr. Epstein possessed sex toys or devices used in sexual activities?
>
> A.    No.
>
> . . .
>
> Q.    Other than yourself and the blond and brunette

Q.    that you have identified as having been involved
      in three-way sexual activities, with whom did Mr.
      Epstein have sexual activities?

A.    I wasn't aware that he was having sexual
      activities with anyone when I was with him other
      than myself.

Q.    I want to be sure that I'm clear.  Is it your
      testimony that in the 1990s and 2000s, you were
      not aware that Mr. Epstein was having sexual
      activities with anyone other than yourself and
      the blond and brunette on those few occasions
      when they were involved with you?

A.    That is my testimony, that is correct.

. . .

Q.    Is it your testimony that you've never given
      anybody a massage?

A.    I have not given anyone a massage.

Q.    You never gave Mr. Epstein a massage, is that
      your testimony?

A.    That is my testimony.

Q.    You never gave [Minor Victim-2] a massage is your
      testimony?

A.    I never gave [Minor Victim-2] a massage.

(Title 18, United States Code, Section 1623.)

### FORFEITURE ALLEGATIONS

32.  As a result of committing the offense alleged in

Count Six of this Indictment, GHISLAINE MAXWELL, the defendant,

shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 1594(c)(1), any property, real and

personal, that was used or intended to be used to commit or to

facilitate the commission of the offense alleged in Count Six, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense alleged in Count Six, or any property traceable to such property.

## Substitute Asset Provision

33.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1594; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

FOREPERSON

AUDREY STRAUSS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

### UNITED STATES OF AMERICA

**v.**

### GHISLAINE MAXWELL,

**Defendant.**

---

### SUPERSEDING INDICTMENT

S2 20 Cr. 330 (AJN)

(18 U.S.C. §§ 371, 1591, 1623, 2422,
2423(a), and 2)

---

AUDREY STRAUSS
United States Attorney

Foreperson

---