LBF3MAXC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4                  v.                          20-cr-330 (AJN)

5   GHISLAINE MAXWELL,

6                  Defendant.                  Conference

7   ------------------------------x

8                                             New York, N.Y.
                                              November 15, 2021
9                                             9:40 a.m.

10  Before:

11                      HON. ALISON J. NATHAN

12                                            District Judge

13                          APPEARANCES

14  DAMIAN WILLIAMS
         United States Attorney for the
15       Southern District of New York
    BY:  MAURENE COMEY
16       ALISON MOE
         LARA POMERANTZ
17       ANDREW ROHRBACH
         Assistant United States Attorneys
18

    HADDON MORGAN AND FOREMAN
19       Attorneys for Defendant
    BY:  JEFFREY S. PAGLIUCA
20       CHRISTIAN R. EVERDELL
         LAURA A. MENNINGER
21       -and-
    Bobbi C. Sternheim
22       Attorney for Defendant

23  Also Present:  Sunni Drescher
                    Paralegal, U.S. Attorney's Office
24

25

LBF3MAXC

1          THE DEPUTY CLERK:  The Honorable Alison J. Nathan is

2     now presiding.

3          United States v. Ghislaine Maxwell, 20 CR 330.

4          Counsel, please state your name for the record.

5          MS. COMEY:  Good morning.  Maurene Comey, Andrew

6     Rohrbach, Lara Pomerantz, and Alison Moe for the government.

7     Joining us is paralegal specialist Sunni Drescher.

8          THE COURT:  Thank you.  And for the defendant?

9          MS. STERNHEIM:  Good morning, Judge Nathan.  Bobbi C.

10    Sternheim appearing for Ghislaine Maxwell, present at counsel

11    table, along with Christian Everdell, Laura Menninger, and Jeff

12    Pagliuca.

13         THE COURT:  Good morning.  Please be seated.

14         We're here for a pretrial conference in this matter.

15    My primary purpose of today's conference is to go over the

16    logistics of the voir dire that will begin tomorrow and

17    finalize the list of prospective jurors who will return for

18    voir dire, or at least we will ask to return for voir dire.

19         I want to start with the list of jurors first.  And

20    just by background, the jury department conducted five sessions

21    of questionnaires over the course of November 4, 5, and 12.

22         As instructed, the parties conferred and I received

23    your list for each of these days.  One, prospective jurors both

24    sides agreed should proceed to voir dire; two, prospective

25    jurors that both sides agreed should be excused or struck for

LBF3MAXC

1   cause; three, prospective jurors that the defense but not the

2   government believes should be excused; and four, prospective

3   jurors that the government but not the defense believe should

4   be excused.

5           And so that produced, putting those together for the

6   days, we had those four lists.  My chambers sent the parties,

7   just so you had an opportunity to review them before today, a

8   list of 13 additional prospective jurors that were on the

9   parties' agreed to proceed to voir dire list, that when I

10  looked at, thought should be considered for excusing and I had

11  13 juror numbers on that list.

12          I understand the government didn't object to striking

13  those prospective jurors, but the defense objected to striking

14  four of them.  So from my perspective, we'll keep those four on

15  the list for whom the parties agree should proceed to voir

16  dire.

17          So, subtracting those out from the ones that the Court

18  sent, we would move the following onto the agreed to not return

19  list:  23, 114, 215, 257, 338, 420, 422, 542 and 561.

20          And then I also received in that letter or e-mail that

21  the defense wishes to modify its previous strikes, it indicated

22  it wanted to move three from the agreed to proceed to voir dire

23  list to the defense objects to proceeding to voir dire list.

24          One of them, by my count, was already on the agreed to

25  strike.  That was number 92.  So the two new ones that the

LBF3MAXC

1    defense now wants to include in its the defense objects but the

2    government doesn't is 226 and 404.

3              Is that right, Ms. Menninger.

4              MS. MENNINGER:  Yes, your Honor.

5              THE COURT:  We'll move those two out of the agreed to

6    list and into the list of those for whom the defense objects

7    but the government doesn't.

8              Okay?  Everybody understand where we are?

9              So, by my count then, making those changes, we have

10   231 prospective jurors for whom we agree should be called back

11   for voir dire.  I believe that's a sufficient number to get to

12   the number of jurors that we need, so that's the list of jurors

13   that we will proceed to call back.

14             The way we're going to do it is we are going to aim

15   for 50 jurors a day, a morning session and afternoon session,

16   so we're breaking it so people aren't sitting around all day.

17   We'll direct a certain number to come in the morning, a certain

18   number to come in the afternoon.  We'll get into the specific

19   logistics in a moment.  But, that list of 231, my assumption is

20   that that will get us to the 50 to 60 qualified that I'm

21   planning on.

22             We have produced a list of those numbers with the

23   changes that I just noted, so the parties' agreed list with the

24   changes that I've just noted, so that gets us to the 231.  I'll

25   ask my law clerk to hand that list out to both sides.  And

LBF3MAXC

```
 1    we're also handing out the names that correspond to the juror
 2    numbers, approximately 24 hours in advance of when voir dire
 3    even begins.  My experience is attorneys get that list
 4    simultaneous with the beginning of voir dire.  Here you get it
 5    24 hours in advance, and of course two weeks before the
 6    exercise of peremptories.
 7             So, we'll mark the juror number list that we've agreed
 8    that we are calling back as a court exhibit, we'll call that
 9    Court Exhibit 1 and mark it.
10             Let me ask counsel if you have any questions about
11    what I've just described.
12             MS. COMEY:  Not from the government, your Honor.
13    Thank you.
14             MS. MENNINGER:  Not for us, your Honor.  Thank you.
15             THE COURT:  Very well.
16             Moving to the specific logistics of voir dire.  We'll
17    meet at 8:30 each day beginning tomorrow in this courtroom,
18    518.  As I explained when we first began discussing this at the
19    October 21 conference, each panel of jurors will be held in a
20    separate courtroom.  They will watch the video remarks that I
21    shared with you and we agreed upon and I recorded the video.
22    They'll be shown those video remarks, and then they will be
23    brought in here one at a time.  And my hope is that we can get
24    the jurors, the morning panel jurors checked in and ready to go
25    so we can start at 9 a.m. with the first jurors.
```

LBF3MAXC

1          I anticipate that we'll break for lunch at 1 p.m., and

2     then start with the afternoon panel at 2 p.m.

3          We're going to be directing each panel to come back in

4     accordance with that schedule.  I do anticipate stopping at

5     5 o'clock each day.

6          When they are here for their individual questioning,

7     they are going to be seated there in the witness box in the

8     seat, is my anticipation, with a microphone.  And we will do

9     the questioning in the public courtroom, with the exception of

10    if the juror has indicated on their questionnaire that they

11    request a specific answer to remain confidential, because it

12    would be embarrassing or otherwise concerning for them, which

13    we did in order to encourage full disclosure and openness and

14    ultimately to get a fair and impartial jury, to the extent we

15    need to discuss those questions with any jurors, we will do

16    that at sidebar.  And my anticipation is we'll seal that

17    portion of the transcript, to the extent it discusses that

18    private information that the juror has asked to remain

19    confidential.

20         I think just looking at the questionnaires, that

21    shouldn't happen too frequently.  And otherwise the voir dire

22    will take place in public.

23         Next, we'll move thoroughly but efficiently through

24    the process to make sure that we can get through it in the time

25    that we have.  I've given you an outline of what I will intend

LBF3MAXC

to go back over in the voir dire and inquire about.  I'm not
going to stick to that script exactly, I'm going to have a
conversation with the jurors, but you know what I'm going to
ask about.

          With respect to individual places and entities, the
parties submitted that list to the Court last night, and what
we'll do is the list, as we've discussed, contains the name of
witnesses who I've permitted to testify under pseudonyms.  So
we've rearranged that list so it's by letter or number, we'll
show the list to the prospective juror, ask them to read the
names, do they recognize any of those names, and if so, to
indicate what letter.  If they indicate the letter of a witness
who has been granted permission to testify under pseudonym,
we'll discuss at sidebar and presumably sealed, so as not to
identify that witness.  The rest, to the extent a juror has
knowledge of anyone on the list, it can be discussed in open
court.  Same for the list of entities.

          There's one inclusion on the list, I think just one,
which is a specific employer name that I've indicated would not
be discussed in open court because that would undermine the
protection for the witness who has been granted permission to
proceed by pseudonym.

          We'll bracket that for a moment.  I want to discuss
with the parties how I intend to handle that.  But to the
extent that might include discussing the specific employer,

LBF3MAXC

1    well take that up at sidebar in a moment.  And as I said, only

2    if the jurors indicated a specific wish to speak not in public

3    because the answer would embarrass them or otherwise seriously

4    compromise their privacy, other than that, we'll proceed in

5    open court.  But with respect to those, I'm doing that to

6    ensure juror candor and honesty and ultimately ensure the

7    selection of a fair and impartial jury.

8         Process-wise, during the questioning, as the juror is

9    answering my questions in the voir dire, if I think a juror

10   answers in a way that would require striking for cause, I'll

11   ask counsel whether they have any objection.  Meaning do you

12   have any objection to me striking for cause.  Assuming no

13   objection, then I will strike that juror for cause, and they'll

14   be excused and we'll give them instructions.

15        If I don't think that any answer requires a striking

16   for cause before we get to the individual questions at the end

17   of the voir dire, I'll ask counsel if they have specific

18   followup.  If you have specific followup, I'll hear you at

19   sidebar, that is, outside the hearing of the juror, consider

20   your request for followup, and then either engage in that

21   followup or not, and proceed apace.

22        If we have a juror for whom there is no basis to

23   strike for cause, at that point, we'll proceed to have them

24   respond to the individual questions in the voir dire.  And then

25   they won't be struck, so they'll be given instructions on

LBF3MAXC

1   returning as I've indicated we would do.

2          And again, we need 40 qualified jurors in light of the

3   number of peremptories, but I'm hoping with this number and the

4   time that we have that we can get to 50 to 60 qualified jurors.

5          Any questions?

6          MS. COMEY:  Not from the government, your Honor.

7   Thank you.

8          MS. MENNINGER:  Your Honor, one briefly.  Can I just

9   inquire how you intend to conduct the sidebar in this

10  courtroom, given the number of attorneys and so forth?

11         THE COURT:  Yes.  So, I think it's going to have to be

12  one attorney per side.  And all of you are capable of operating

13  on your own.  So, if we are doing a sidebar with the juror,

14  because they have private, confidential information they want

15  to convey, then it will be me and the two attorneys and the

16  court reporter with the juror.  To the extent we are talking

17  about any followup questions that you want me to ask, we'll go

18  over here, and I'll still ask we limit it to one attorney per

19  side.  Okay?

20         MS. MENNINGER:  Thank you.

21         THE COURT:  Any other questions?

22         MS. MENNINGER:  No, thank you.

23         THE COURT:  Anything else about voir dire?

24         MS. COMEY:  Not from the government, your Honor.

25         MS. STERNHEIM:  Judge, this isn't actually about the

LBF3MAXC

1  protocols that you've just described.  But has the Court made a

2  determination with regard to whether we are sitting the week

3  from Christmas to New Year's?  Because I noticed on some of the

4  individuals on your list, it appeared that they were people who

5  might not be available that week.  I'm just asking for some

6  clarification.

7        THE COURT:  Yes.  I think we do need to sit Monday,

8  Tuesday and Wednesday of that week.  I think there were enough

9  responses of folks who had travel beginning the 23rd, so the

10  Thursday if I had that right.

11        We will sit the 20th, 21st and 22nd.  And I think I

12  had been thinking to sit the 23rd as well, but I think there

13  were enough individuals who we're bringing back who indicated

14  that travel began then.  So I think someone who has got travel

15  beginning on the 23rd is not an issue.  The 20th, 21st or 22nd

16  wouldn't be an issue.

17        MS. STERNHEIM:  For the following week, are you

18  following a similar is schedule?

19        THE COURT:  I think we can sit through Thursday.  The

20  way the holidays fall this year, I do think we have to use that

21  time.  So the 27th, 28th, 29th, and 30th we'll sit.  We won't

22  sit the 31st, which is New Year's Eve.

23        Any other questions about voir dire?

24        MS. COMEY:  No, your Honor.

25        THE COURT:  I'm not going to give rulings now, but to

LBF3MAXC

1    flag what I understand to be remaining, we have two issues that

2    are now fully briefed.  That's the supplemental briefing on the

3    defendant's fourth motion in limine, and we have the

4    government's motion to exclude the testimony, or some of the

5    testimony at least, of Drs. Loftus and Dietz pursuant to 702

6    and Daubert.

7            I'm working my way through that.  I will either rule

8    by written order or address those at the November 23 final

9    pretrial conference.

10           We also have not yet fully briefed the defendant's

11   seventh motion in limine which relates to Government Exhibit

12   52, the defendant's first motion in limine related to

13   introduction of co-conspirator statements.

14           Let me say the Court appreciates some effort to find

15   places on which agreement was necessary and to come to it.

16   Thank you.

17           Those matters will be fully briefed tonight when I

18   receive the defense's response.  And again, I will either put

19   out written orders on those or address them at the November 23

20   final pretrial conference.

21           If the government does move to exclude any of the

22   other defense witnesses that have been noticed as potential

23   experts, that briefing is due tonight, response by Friday.

24   I'll either put out a written order, address it at the final

25   pretrial conference on the 23rd if I can, or some time after

LBF3MAXC

1    that in advance of trial if I can't get to it by then.

2              From your perspective, other outstanding issues that

3    the Court hasn't addressed yet?

4              MS. COMEY:  Nothing outstanding, your Honor.  The

5    government did have a few small issues to alert your Honor to.

6    But I'll defer to the defense on these issues you already

7    raised.

8              MR. PAGLIUCA:  Late breaking, we requested subpoena

9    issue last evening.

10             THE COURT:  Yes.

11             MR. PAGLIUCA:  I understand that's very new, but I'm

12   just flagging that as an outstanding issue.

13             THE COURT:  Yes.  And let me ask, has notice been

14   provided to the victim witnesses?

15             MS. COMEY:  No, your Honor.  We received it late last

16   night and had not had the opportunity to provide that notice,

17   but we will do that today.

18             THE COURT:  So the government will provide notice?

19             MS. COMEY:  Yes, your Honor.

20             THE COURT:  So, I don't know that it matters.  I can

21   issue the subpoena, if there is a motion to quash, we can deal

22   with it, or we can brief it in advance.

23             I think we need to move as expeditiously as possible,

24   so my inclination would be to issue the subpoena, and if there

25   is a basis to quash, the government can be heard.

LBF3MAXC

1        MS. COMEY:  I do think we anticipate opposing the

2    subpoena, your Honor.  In terms of which way mechanically your

3    Honor would like to proceed we don't have a particular

4    preference, but I think we would like to brief that issue.

5        THE COURT:  Well, I think the only constraint under

6    the rule, the victims have to be notified.  So I'd like that

7    notification to happen today.

8        MS. COMEY:  Yes, your Honor.

9        THE COURT:  And then I suppose, why don't you propose

10   when the government would brief any opposition.

11       MS. COMEY:  May I have a moment, your Honor?

12       THE COURT:  You may.

13       MS. COMEY:  We would propose by Thursday of this week,

14   your Honor.

15       THE COURT:  So if we do Wednesday of this week and

16   response from the defense by Friday.

17       MS. COMEY:  Thank you, your Honor.

18       MR. PAGLIUCA:  Your Honor, on that point, I'm hoping

19   that the Court could, once notice is given, issue the subpoena

20   so we can get it served.  The documents are returnable to your

21   Honor, not the parties.  And then we're not holding up

22   production by the briefing.

23       THE COURT:  I agree with that.

24       MS. COMEY:  Understood, your Honor.

25       THE COURT:  So I will issue the subpoena with the

LBF3MAXC

1    understanding that the government will provide notice to the

2    victims today, and will file any -- I suppose at that point you

3    could phrase it as a motion to quash the subpoena by Wednesday.

4    Defense response by Friday.  Okay.  All right.

5             Yes, Ms. Comey.

6             MS. COMEY:  Yes, your Honor.  Two issues we wanted to

7    bring up for your Honor.  We've been working with defense

8    counsel to reach points of agreement, and have reached

9    stipulations as to certain pieces of evidence.  But there are

10   certain pieces of evidence where we believe we may need to

11   brief authentication for your Honor.  Particularly, there are

12   certain birth certificates and a prior sworn statement that we

13   think we need to brief.  We have been conferring with defense

14   counsel, I don't think we are going to reach agreement, so we'd

15   like to set a schedule for the briefing on that.

16            And the other issue we wanted to put on your Honor's

17   radar but that does not need a briefing schedule at this point

18   I believe, is we plan to confer with defense counsel about

19   areas that we believe would be improper for cross-examination

20   of government witnesses.  Usually we can reach agreement on

21   those, but if we can't reach agreement, then we will need to

22   brief that with your Honor.

23            THE COURT:  Okay.  So what do you propose for the

24   authentication issues?

25            MS. COMEY:  We would propose that the government

LBF3MAXC

1    submit its papers by Friday, and that the defense submit theirs

2    early next week.

3            THE COURT:  I'm not giving you to Friday to brief

4    that.  So, we'll do Thursday, Monday.

5            MS. COMEY:  Thank you, your Honor.

6            THE COURT:  And what's the other issue?

7            MS. COMEY:  This is an issue that does not require

8    briefing, but just a logistical question.

9            THE COURT:  No --

10           MS. COMEY:  The other issue.

11           THE COURT:  Yes.

12           MS. COMEY:  Motions to preclude cross-examination on

13   certain topics of government witnesses.  We have not had an

14   opportunity to confer with defense counsel about that issue.

15   If we are able to agree, we won't need to brief it.  If we

16   can't agree, we will need to brief that.

17           THE COURT:  Okay.  I might just need to hear you once

18   we get through openings.  Well, see if you can get agreement.

19           See if you can get to agreement.  If not, I'll hear

20   you on the 23rd.

21           MS. COMEY:  Thank you, your Honor.

22           THE COURT:  And logistics?

23           MS. COMEY:  With respect to seating in the courtroom

24   where the witnesses will be heard during trial.  The government

25   wanted to know whether there would be a seat available for

LBF3MAXC

1   witness counsel in that room when that witness is testifying.

2              THE COURT:  That's a question for the district

3   executive's office.

4              MS. COMEY:  Understood, your Honor.  I imagine the

5   same would be true for supervisors of the government.  That

6   question would go to the district executive's office?

7              THE COURT:  It does.

8              MS. COMEY:  Thank you, your Honor.

9              I have nothing else.  Thank you.

10             THE COURT:  Okay.  Yes.

11             MR. EVERDELL:  Yes, your Honor.  One brief issue that

12  I am not asking the Court to do anything about, but I want to

13  make the Court aware of it.  The defense has made a number of

14  Touhy requests, thus far in the case.

15             I want to raise with the Court one in particular where

16  we've asked for a witness to authenticate certain border

17  crossing records, a witness from the Customs and Border

18  Protection.  The government has been working to get a witness

19  and make one available to us.  The request was made several

20  weeks ago.

21             I want to flag this for the Court because, as I

22  understand it from the government, there is some complications

23  with this issue.  But we do expect to have a witness available

24  to us to be able to authenticate these documents, unless we

25  reach some agreement as to authenticity in a stip.

LBF3MAXC

1        But we wanted to flag that for the Court because we
2    are getting close to trial.
3        THE COURT:  Okay.
4        MS. COMEY:  Yes, your Honor.  We are working
5    expeditiously to identify a witness for the defense.
6        THE COURT:  Okay.  I certainly will encourage that
7    process to continue.
8        Anything else?
9        MS. COMEY:  Not from the government, your Honor.
10   Thank you.
11       MS. STERNHEIM:  Nothing, thank you.
12       THE COURT:  Thank you, everyone.  We are adjourned.
13       See you the 23rd.
14       My apologies.  There was an issue that I had bracketed
15   that I neglected to come back to.  And that's the question of
16   the voir dire process with the entity, the specific employer
17   entity.  So, because we might need to discuss that specific
18   employer, we are going to do this at sidebar.
19       (Pages 18-22 SEALED)
20
21
22
23
24
25

LBF3MAXC

1              (In open court)

2              THE COURT:  With that, I have nothing further and we

3    are adjourned.

4              One correction to what I said.  My deputy reminded me

5    that the courthouse is actually closed on the 30th of December.

6    It's also closed on the 23rd.  I've already said we won't sit.

7    It is also closed on the 30th so we won't sit that day either.

8    So anything else?

9              We are adjourned.

10             (Adjourned)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25