**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

December 27, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

  We respectfully submit this letter to request that the Court give the jury additional instructions to correct apparent errors in the jury's understanding of Counts Two and Four, and the law applicable to those counts, that were highlighted by the jury's note this afternoon (Court Exhibit #15).

  Court Exhibit #15 reads, in relevant part, as follows:

Under Count Four (4), [i]f the defendant aided in the transportation of Jane's return flight, but not the flight to New Mexico where/if the intent was for Jane to engage in sexual activity, can she be found guilty under the second element?

  Count Four alleges that Ms. Maxwell "arranged for [Jane] to be transported *from Florida to New York, New York* on multiple occasions with the intention that [Jane] would engage in one or more sex acts with Jeffrey Epstein, *in violation of New York Penal Law, Section 130.55.*" S2 Ind. ¶ 21 (emphasis added).

  In response to the note, the Court referred the jury to Instruction No. 21 of the jury charge. The defense believes that the Court's response was erroneous for two reasons.

The Honorable Alison J. Nathan
December 27, 2021
Page 2

## Constructive Amendment / Variance

**First**, without further instruction, the jury could convict Ms. Maxwell based on a constructive amendment and/or prejudicial variance from the S2 Indictment. The Court has recently explained the law on constructive amendment and variance. "To prevail on a constructive amendment claim, a defendant must demonstrate that the terms of [an] indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. Gross*, No. 15-cr-769 (AJN), 2017 WL 4685111, at *20 (S.D.N.Y. Oct. 18, 2017) (cleaned up). "Because the doctrine of constructive amendment protects a defendant's Grand Jury Clause rights, a constructive amendment constitutes a 'per se violation' of the defendant's constitutional rights— *i.e.* there is no requirement that a defendant make a specific showing of prejudice." *Id*. (quoting *United States v. D'Amelio*, 683 F.3d 412, 417 (2d Cir. 2012).

Although the Second Circuit has "consistently permitted significant flexibility" in how the government proves the crime alleged, the defendant must be "given notice of the core of criminality to be proven at trial." *Id*. (cleaned up). "[A]lthough an indictment 'drawn in general terms' may articulate a broad core of criminality, an indictment that is drawn in specific terms may be read to specify a narrower set of facts—such that the proof of completely distinct facts at trial could lead to a constructive amendment." *Id*. (quoting *United States v. Wozniak*, 126 F.3d 105, 109-10 (2d Cir. 1997)).

The Honorable Alison J. Nathan
December 27, 2021
Page 3

In contrast to a constructive amendment, "[a] variance occurs when the charging terms of the indictment are left unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment." *Id*. at 20 (cleaned up).

Court Exhibit #15 indicates that the jury is considering a conviction on the substantive transportation offense charged in Count Four based on Jane's alleged travel to and from New Mexico and sexual activity that purportedly took place while she was there. That is not what the indictment alleges. Count Four alleges that Ms. Maxwell "arranged for [Jane] to be transported *from Florida to New York, New York* on multiple occasions with the intention that [Jane] would engage in one or more sex acts with Jeffrey Epstein, *in violation of New York Penal Law, Section 130.55*." S2 Ind. ¶ 21 (emphasis added). As such, a conviction on Count Four must be based on evidence that Ms. Maxwell intended Jane to travel from Florida to New York, and while in New York, engage in one or more sex acts that violated Section 130.55 of the New York Penal Law. The government has represented to the Court on numerous occasions that Ms. Maxwell cannot be convicted on any of the four Mann Act counts, including Count Four, without proof of an intent to violate New York law. That excludes any conduct that may have occurred in New Mexico. Indeed, in the discussion about Court Exhibit #15, the government stressed this point:

> The only illegal sexual activity identified in the entirety of the jury charge *is a statute in New York*. There cannot be any risk of confusion on that score. This particular charge reminds the jury of that and includes that language as well. *The jury has not been charged about any laws in New Mexico; so there can't be any risk of confusion for exactly that reason*.

Tr. 3140:10-16 (emphasis added).

The Honorable Alison J. Nathan
December 27, 2021
Page 4

Despite the government's confidence, Court Exhibit #15 indicates that the jury is considering a conviction on Count Four based on Jane's travel to and from *New Mexico* and alleged sexual abuse that purportedly took place in *New Mexico*. Should the jury convict on this basis, it would be a constructive amendment and/or a variance from the express language of Count Four. Jane's alleged travel from Florida to New York and the sex acts that she purportedly engaged in there in violation of New York law are part of the "core of criminality" charged in Count Four. *See Wozniak*, 126 F.3d at 109-111 (finding constructive amendment where indictment charged a conspiracy to distribute cocaine and methamphetamine, but the evidence at trial focused on marijuana). A conviction based on Jane's travel to and from New Mexico and any sexual activity that allegedly occurred while she was there would be premised on facts elicited at trial that are "completely distinct" from the allegations in the indictment. *Gross*, 2017 WL 4685111, at *20. If the Court does not instruct the jury that they cannot convict Ms. Maxwell on Count Four based on the alleged events in New Mexico, it would permit the jury to convict Ms. Maxwell of an offense "other than that charged in the indictment" and constitute a constructive amendment. *Id*. A constructive amendment like this is *per se* reversible error without a showing of prejudice. *United States v. Frank*, 156 F.3d 332, 337 n.5 (2d Cir. 1998).

At the very least, if the jury convicts Ms. Maxwell on Count Four based on Jane's alleged sexual activity in New Mexico, it would be a substantial variance from the allegations in the S2 Indictment, which requires an intent that Jane travel to New York and violate New York law. The Court should instruct the jury as requested below to *prevent* such a variance from occurring. Ms. Maxwell has no burden to prove prejudice at this point since the variance can still be prevented by

The Honorable Alison J. Nathan
December 27, 2021
Page 5

a curative instruction.  Moreover, because the same issues arise with respect to the substantive enticement offense charged in Count Two, the Court must give the same instruction as to Count Two as well.[1]

### Supplemental Jury Instruction

**Second**, we believe that the Court's response to the jury note was substantively incorrect and prejudicial to Ms. Maxwell. "A jury's interruption of its deliberations 'to seek further explanation of the law' is a 'critical moment in a criminal trial'; and [the Second Circuit] therefore ascribe[s] 'crucial importance' to a 'completely accurate statement by the judge' at that moment." *United States v. Kopstein*, 759 F.3d 168, 172 (2d Cir. 2014) (quoting *United States v. Lefkowitz*, 284 F.2d 310, 314 (2d Cir. 1960)).  "Instructions are erroneous if they mislead the jury as to the correct legal standard or do not adequately inform the jury of the law."  *Hudson v. New York City*, 271 F.3d 62, 67 (2d Cir. 2001).  Reversal is "required where, based on a review of the record as a whole, the error was prejudicial or the charge was highly confusing."  *Kopstein*, 759 F.3d at 172; *see also id*. ("A charge that appears likely to have left the jury 'highly confused' may, on that ground alone, be reversed." (quoting *Nat'l R.R. Passenger Corp. v. One 25,900 Square Foot More or Less Parcel of Land*, 766 F.2d 685, 688 (2d Cir. 1985) ("A charge that appears likely to have left the jury 'highly confused' may, on that ground alone, be reversed."))). "Even if an initial

---

[1] The defense notes that the object of the conspiracies charged in Counts One and Three is a violation of the same New York statute.  While we do not contest that alleged sexual activity that occurred in other states can be evidence of those conspiracies, the jury cannot convict Ms. Maxwell on those counts without finding that she acted with the intent that someone under the age of 17 would engage in sexual activity within the state of New York that violated New York law.

The Honorable Alison J. Nathan
December 27, 2021
Page 6

instruction is not itself erroneous or highly confusing, a supplemental instruction prompted by a jury question may be so muddled as to warrant vacatur." *Id*. at 172.

The jury note indicates that the jury is confused about the second element of Count Four, and by extension, the third element of Count Two. Both counts require an intent to violate New York law and cannot be based on any conduct that allegedly occurred in New Mexico (or any other state besides New York). The court's answer to the jury's question permits the jury to convict Ms. Maxwell on Count Four based on alleged conduct occurring in New Mexico—aiding in a return flight from New Mexico. Not only is that conduct not charged in the indictment (see discussion above), it also is not illegal under New York law. Under New York law, an intent to engage in sexual activity in any other state cannot form the basis for a violation of New York law, as charged in Counts Two and Four. *See People v. Carvajal*, 6 N.Y.3d 305, 312 (2005) ("CPL 20.20[] has codified the general principle that, for New York to exercise criminal jurisdiction, some alleged conduct or a consequence of that conduct must have occurred in the state."). If the defendant disputes the evidence of the State's prosecutorial authority at trial, "the trial court should charge the jury that jurisdiction must be proven beyond a reasonable doubt." *People v. McLaughlin*, 80 N.Y.2d 466, 472 (N.Y. 1992).

The Honorable Alison J. Nathan
December 27, 2021
Page 7

## Proposed Jury Instruction

For the reasons set forth above, we request that the Court give the jury the following additional instruction tomorrow:

> As to the third element of Count Two, you must determine whether the Government has proven beyond a reasonable doubt that the Defendant acted with the intent that Jane would engage in sexual activity within the state of New York in violation of New York Penal Law 130.55.
>
> As to the second element of Count Four, you must determine whether the Government has proven beyond a reasonable doubt that the Defendant transported Jane with the intent that Jane would engage in sexual activity within the state of New York in violation of New York Penal Law 130.55.
>
> An intent that Jane engage in sexual activity in any state other than New York cannot form the basis of these two elements of Counts Two and Four.

Sincerely,

　/s/ Christian Everdell
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600

cc:   All Counsel of Record (By Email)

2068538.1