UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/21

United States of America,

–v–

Ghislaine Maxwell,

Defendant.

20-CR-330 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

The Defense on November 1, 2021, noticed eight expert witnesses.  Def. Br., Ex. 1 ("Notice").  Two of those experts, Dr. Park Dietz and Dr. Elizabeth Loftus, are expected to offer opinions that rebut opinions of the Government's expert witness, Dr. Lisa Rocchio.  The Government on November 8, 2021, filed a motion to partially preclude the testimony of Dr. Dietz and Dr. Loftus.  Dkt. No. 424.  The Court has already addressed that motion.

On November 15, 2021, the Government moved to fully or partially preclude the testimony of the remaining six experts.  The Defense filed a response on November 19, 2021.

The Court addressed the admissibility of Dr. Ryan Hall in a separate written opinion.  In this opinion, the Court addresses the preliminary admissibility of Bennett Gershman based on the parties' current proffers.

## I.    Legal standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony. That rule states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier

of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The Court exercises a "gatekeeper function" in assessing the admissibility of expert

testimony. *Restivo v. Hessemann*, 846 F.3d 547, 575 (2d Cir. 2017). To determine whether an

expert's method is reliable, the Court considers the non-exhaustive list provided by the Supreme

Court in *Daubert*, including whether the expert's method has been tested, whether it has been

subjected to peer review, the rate of error, standards controlling the method's operation, and

whether the method is accepted by the expert community. *United States v. Kidd*, 385 F. Supp. 3d

259, 263 (S.D.N.Y. 2019) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593–94

(1993)).

But Rule 702 ultimately sets a "liberal" and "permissive" standard of admissibility.

*Nimely v. City of New York*, 414 F.3d 381, 395–96 (2d Cir. 2005). In particular, not every expert

admissible under *Daubert* need rely on a method that conforms with "the exactness of hard

science methodologies." *E.E.O.C. v. Bloomberg L.P.*, No. 07-CV-8383 (LAP), 2010 WL

3466370, at *13–14 (S.D.N.Y. Aug. 31, 2010) (quoting *United States v. Simmons*, 470 F.3d

1115, 1123 (5th Cir. 2006)).

Additionally, the procedure for disclosing expert witnesses is governed by Federal Rule

of Criminal Procedure 16. That rule states that when the Government makes a request, the

Defense "must . . . give to the government a written summary of any testimony that the

defendant intends to use under Rule[ ] 702. . . . This summary must describe the witness's

opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). The purpose of this rule is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Civ. P. 16(b)(1)(C) advisory committee's note to 1993 amendment. Thus, to satisfy Rule 16, a notice must not merely describe the "general topics" on which experts will testify but actually "summarize the experts' *opinions* about those topics" and "describe the bases for the experts' opinions." *United States v. Ulbricht*, 858 F.3d 71, 115 (2d Cir. 2017) (emphasis added); *United States v. Valle*, No. 12-CR-847 (PGG), 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013) ("Merely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions.").

If the Defense's disclosure of an expert witness does not satisfy Rule 16, the Court has "broad discretion" to fashion an appropriate remedy. *Ulbricht*, 858 F.3d at 115. That discretion is guided by factors including "why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances." *Id.* (quoting *United States v. Lee*, 834 F.3d 145, 159 (2d Cir. 2016)). When a disclosure merely lists general topics on which the expert might testify, the Second Circuit has several times held that the district court has discretion to exclude the expert entirely. *See id.* at 118; *United States v. Vaccarelli*, No. 20-3768-CR, 2021 WL 4805218, at *2 (2d Cir. Oct. 15, 2021).

## II. Discussion

As a preliminary matter, the Defense argues that the Government's motion is "premature" because the Government's arguments are about the relevance and prejudice of the

witnesses' testimony, not their qualifications or the reliability of their methods under Rule 702. Def. Br. at 1, 5–6.  But one aspect of the Rule 702 and *Daubert* inquiry is "fit," which asks "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Alto v. Sun Pharm. Indus., Inc.*, No. 1:19-CV-09758 (GHW), 2021 WL 4803582, at *3 (S.D.N.Y. Oct. 13, 2021) (quoting *Daubert*, 509 U.S. at 591).  Fit is satisfied if the expert's opinion would assist the jury's decision on a relevant question of fact without "usurp[ing] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *Id.* (quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994)).  The Court finds that at least some of the Government's arguments that go to fit are ripe for preliminary resolution now.  Other aspects of the Government's motion can be resolved only with additional information and the context of trial.

The Government moves to exclude the testimony of Bennett Gershman in its entirety.  As explained in the notice, Professor Gershman "is a leading authority on prosecutorial misconduct."  Notice at 12.  The Defense expects that he will testify "on best practices to ensure the integrity of any prosecution, focusing on investigation, witness preparation, media contact, neutrality, obligations to provide accurate information, and relationship with crime victims, their counsel, and case-related civil litigation." *Id.*

The Court will grant the Government's motion and exclude Gershman.  First, his expected testimony is irrelevant.  At the November 1 pretrial conference, the Court ruled that it would "preclude affirmative evidence by the defense that goes to the thoroughness of the investigation."  Nov. 1 Tr. at 17.  As the Court explained, "[t]he length of the investigation, the investigative techniques used, and the fact that the defendant was not initially a target of the

investigation are all irrelevant" to Ms. Maxwell's guilt. *Id.* at 19 (quoting *United States v. Duncan*, No. 18-CR-289, 2019 WL 2210663 (S.D.N.Y. 2019)). The Court concludes that the expected topics of Gershman's testimony—investigation, witness preparation, media contact, being neutral and accurate, and relationships with victims—all fall within the rubric of attacking the thoroughness of the investigation rather than being probative of Ms. Maxwell's guilt of the crimes charged. In short, this testimony would run afoul of the instruction that the jury will receive that "the government is not on trial." *Id.* at 23 (quoting *United States v. Knox*, 687 F. App'x 51, 54 (2d Cir. 2017)).

The Court notes that a court in this district recently excluded Gershman's testimony in a civil case in which he would have similarly criticized the SEC's investigation, including the use of cooperating witnesses. *SEC v. Collector's Coffee Inc.*, No. 19-CV-4355 (VM) (GWG), 2021 WL 3418829 (S.D.N.Y. Aug. 5, 2021). That case differs from this one in several respects, but that court's basic reasoning informs and supports the Court's decision here.

The Defense argues that the Court "expressly denied" prohibiting the Defense from calling an expert witness like Gershman. Def. Br. at 17. Tellingly, the Defense quotes no language from the Court for this proposition and instead cites only those pages of the Court's oral ruling in which the Court explained that it "will permit relevant cross-examination of the government's witnesses." Nov. 1 Tr. at 27. This language in no fashion supports the Defense's request to admit an expert to testify about government investigative techniques. The Court reiterates, however, that it will permit the Defense to pursue "lines of cross-examination of government witnesses [that] would be relevant to impeach a witness by suggesting bias or otherwise implicating their credibility," which could include the Defense's theory of witnesses' motives for "implicating Ms. Maxwell after Jeffrey Epstein's death." *Id.* at 28–29.

Second, even if Gershman's testimony was relevant, Rule 403 prejudice would substantially outweigh for the reasons given at the November 1 conference. *Id.* at 21–24. Gershman's testimony would be likely to confuse the jury by suggesting that the Government's choices of investigative techniques are relevant to guilt, it would conflict with the Court's anticipated jury instruction that the Government is not on trial, it would substantially delay the trial, and it would, at most, be cumulative of the Defense's arguments that there is inadequate evidence on which to find Ms. Maxwell guilty. Indeed, placing an expert imprimatur on these arguments would only enhance the Rule 403 prejudice.

Third, apart from Rule 401 and 403, the Defense's disclosure of Gershman does not satisfy Rule 16. The Defense has listed only the general topics on which Gershman will testify, like "investigation," "media contact," and "neutrality." Notice at 12. It does not mention Gershman's actual *opinions* on these topics or the bases for those opinions. Nor does the Defense's response brief add any detail about the content of Gershman's opinions. Def. Br. at 18. Indeed, the Defense's briefing on this issue mentions very little of Gershman's anticipated testimony. Therefore, even if Rules 401 and 403 were satisfied, the Court would exclude Gershman's testimony because the Defense has not yet satisfied Rule 16.

## III.    Conclusion

The Court therefore grants the Government's motion to preclude Gershman's expert testimony. Because this is a preliminary pre-trial ruling, it is possible that facts and circumstances at trial would alter the Court's analysis. In that event, the Defense must re-raise its request to admit Gershman as an expert witness.

SO ORDERED.

Dated: November 22, 2021
      New York, New York

_____

ALISON J. NATHAN
United States District Judge