

December 15, 2021

**VIA EMAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ghislaine Maxwell,* **20 Cr. 330 (AJN)**

Dear Judge Nathan:

    I am writing on behalf of witness Jane in regard to Ms. Maxwell's recent filing regarding her attorney Robert Glassman who represented her in her civil case against the Epstein Estate and Ms. Maxwell that settled over a year ago.

    Ms. Maxwell raises three areas that she wants to solicit testimony from Mr. Glassman.

    1.    **The "Help her case" email**

    Jane stands on the opposition she submitted on December 6, 2021 and the Government's opposition regarding that email.

    2.    **The Lion King email**

    As the Government points out, Jane was extensively cross-examined on this issue. Mr. Glassman would have nothing to add, and anything he could say would require him to disclose confidential information in violation of California Rule of Professional Conduct 1.6.

    3.    **Settlement Demands to Ms. Maxwell and the EVCP**

**PANISH SHEA & BOYLE** LLP

The Honorable Alison J. Nathan
December 15, 2021
Page 2

     Ms. Maxwell would like to ask Mr. Glassman whether he made a $25 million demand to Ms. Maxwell to settle the civil case against her. It should be noted that defense counsel did not question Jane about this demand when they had a chance, so there is no impeachment value to anything Mr. Glassman could say. It should also be noted that Ms. Maxwell or Ms. Menninger (who represented Ms. Maxwell in the civil case), who are both already present in the courtroom, could testify about any such demand. So there is nothing Mr. Glassman could offer on this subject that would be probative and outweigh the risk of possible disclosure of confidential information inherent in calling Jane's attorney to the witness stand. Additionally, whether a settlement demand would have been made in the civil case against Ms. Maxwell seems wholly irrelevant as that civil case settled well over a year before Jane testified; that is, at the time Jane testified in the criminal trial, she had no financial incentive to do so.

     With regard to demands to the EVCP, Jane adopts the arguments made by the Government in its opposition, and adds again that the civil case settled long before Jane's testimony in the criminal trial against Ms. Maxwell – so Jane had no financial interest in the substance of her testimony.

     Finally, we remind the Court that we believe that the subpoena that was served on Mr. Glassman was invalid under Fed. R. Crim. Pro 17, and that Mr. Glassman is not currently under valid subpoena.

     Accordingly, we respectfully request that the Defendant's motion to compel Mr. Glassman to testify should be denied.

PANISH
SHEA &
BOYLE
LLP

The Honorable Alison J. Nathan
December 15, 2021
Page 3

      To the extent the Court were to compel Mr. Glassman's testimony, Mr. Glassman would need time to consult ethics counsel and perhaps the California State Bar. We would also respectfully request that any testimony be conducted remotely to prevent the time, expense, and COVID risk in light of what should be extremely limited testimony.

Respectfully submitted,

/s/ _____
Kevin Boyle
PANISH SHEA & BOYLE LLP
11111 Santa Monica Blvd., Ste. 700
Los Angeles, CA 90025
Phone: 310-477-1700

*Attorneys for Witness Jane*

Cc: Counsel of record