UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

GHISLAINE MAXWELL,

Defendant.

20 Cr. 330 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received a motion by counsel for defendant Ghislaine Maxwell seeking access to grand jury transcripts in her case. Dkt. 793. The stated basis of that motion is to enable Maxwell to comment on the Government's pending motion to unseal these transcripts, Dkt. 785, as to which the Court has ordered expedited briefing, Dkt. 789.

The Court denies Maxwell's motion. It is black-letter law that defendants generally are not entitled to access to grand jury materials. *See* Fed. R. Crim. P. 6(e); *see also, e.g., United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 ("Th[e] indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." (citation omitted)); *United States v. Schlegel*, 687 F. App'x 26, 30 (2d Cir. 2017) ("Grand jury proceedings are presumptively secret, and a defendant seeking the disclosure of grand jury materials bears a heavy burden."). Post-trial motions by defendants seeking such access are almost invariably denied, for failure to make a showing of compelling necessity.[1]

---

[1] *See, e.g., United States v. Carneglia*, 675 F. App'x 84, 86 (2d Cir. 2017) (affirming denial of defendant's post-conviction bid to access grand jury materials where he did not show that such was "'needed to avoid a possible injustice in' any subsequent habeas proceedings" (quoting *Douglas Oil Co. of Calif. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979))); *United States v. Archuleta*, No. 2 Cr. 1060, 2018 WL 8646703, at *6–7 (S.D.N.Y. July 31, 2018) (denying request

Maxwell has not made that showing. She has not shown, or attempted to show, that the grand jury materials in her case are apt to reveal any deficiency in the proceedings leading to her indictment. *See* Fed. R. Crim. P. 6(e)(3)(E)(ii). And her convictions for conspiracy to transport minors with intent to engage in criminal sexual activity, 18 U.S.C. § 371; transportation of a minor with intent to engage in criminal sexual activity, 18 U.S.C. § 2423(a); and sex trafficking of a minor, 18 U.S.C. § 1591(a) & (b)(2), entered following a jury trial, and the 240-month sentence imposed by Judge Nathan, have been affirmed on appeal by the United States Court of Appeals for the Second Circuit. *United States v. Maxwell*, 118 F.4th 256, 261 (2d Cir. 2024), *petition for cert. filed* (U.S. Apr. 10, 2025) (No. 24-1073).

Her argument is instead that, with the Government having recently moved to unseal the grand jury transcripts, her review of them would assist her counsel in "craft[ing] a response and setting out our position to the Court." Dkt. 793 at 1. There is no compelling necessity for that. The Court has ordered the Government to produce these transcripts for the Court's *in camera* review by Monday, July 28, 2025. The Court will review these transcripts expeditiously. In the event the Court determines it would benefit from Maxwell's commentary as to a discrete aspect of these transcripts, the Court stands ready to make that excerpt, or a synopsis thereof, available to her counsel to facilitate counsel's briefing. But there is no justification for Maxwell to obtain the extraordinary relief of plenary access to the grand jury transcripts in her case. *See, e.g., In re*

---

for grand jury materials in connection with habeas petition where defendant failed to make "requisite showing of a particularized need"); *Bruno v. Coveny*, No. 18 Civ. 1522, 2020 WL 1812460, at *2 (E.D.N.Y. Apr. 9, 2020) (same); *Henareh v. United States*, No. 14 Civ. 7145, 2018 WL 3468715, at *6 (S.D.N.Y. June 8, 2018) (same), *report and recommendation adopted*, No. 11 Cr. 93, 2018 WL 3462508 (S.D.N.Y. July 18, 2018); *cf. e.g., United States v. Blondet*, No. 16 Cr. 387, 2019 WL 5690711, at *4 (S.D.N.Y. Nov. 4, 2019) (denying defendant's pre-trial motion for *in camera* review of grand jury minutes where he did not demonstrate "compelling necessity"); *United States v. Lopez*, No. 9 Cr. 525, 2010 WL 199652, at *2 (S.D.N.Y. Jan. 15, 2010) (similar).

*Fed. Grand Jury Procs.*, 760 F.2d 436, 439 (2d Cir. 1985) ("Recognizing the importance of secrecy to the proper functioning of the grand jury system, the Supreme Court has established a strict test of particularized need[.]"); *United States v. Sobotka*, 623 F.2d 764, 768 (2d Cir. 1980) ("[T]he showing of need [for grand jury materials] must be made 'with particularity' so that 'the secrecy of the proceedings (may be) lifted discretely and limitedly.'" (quoting *Procter & Gamble Co.*, 356 U.S. at 682–83)); *United States v. Laster*, 313 F. App'x 369, 371 (2d Cir. 2009) (similar).

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: July 23, 2025
New York, New York