UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

GHISLAINE MAXWELL,

                Defendant.

20 Cr. 330 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    This order seeks information and clarification from the Government with respect to the aspect of its motion yesterday that seeks modification of the "protective order" in this case so as to permit it to make publicly available materials covered by that order.

    In its motion yesterday, the Government moved—in addition to seeking to unseal the grand jury transcripts and exhibits in this case—to modify the "protective order." Dkt. 810 at 1. The Government stated that the "Department of Justice interprets the [Epstein Files Transparency Act (the "Act")] as requiring it to publish the grand jury *and discovery materials in this case*, unless one of the permitted bases for withholding pursuant to the Act applies." *Id.* at 2–3 (emphasis added).

    The Government's motion cited the protective order issued on July 30, 2020. *See* Dkt. 36. In fact, a review of the docket reflects that two protective orders have been issued. The other was issued on November 24, 2021. Dkt. 505.

    To assure that the victims in this case, and the defendant, have fair notice as to the materials covered by the Government's request with respect to the protective order(s) in this

case, the Court directs the Government, by **noon on Wednesday, November 26, 2025**, to file a letter on the docket that:

1. States whether the Government seeks modification of both protective orders in this case or only the protective order at docket 36; and

2. Enumerates, as to each protective order for which modification is sought, the materials covered by the protective order that the Government seeks to make publicly available. The Government's description of these materials is to be in sufficient detail to meaningfully inform victims, who are not privy to the discovery produced by the Government to the defense pursuant to these protective orders, what the materials to be made publicly available consist of. The Government should also state whether the materials that it seeks to make publicly available include, in addition to materials produced pursuant to Federal Rule of Criminal Procedure 16, which is referenced by the protective order at docket 36, (1) materials produced pursuant to Federal Rule of Criminal Procedure 17(c), which is referenced by the protective order at docket 505, and (2) materials produced pursuant to the Jencks Act, 18 U.S.C. § 3500.

The deadlines set in the Court's order issued yesterday—for submissions by victims and by the defendant, and for the Government's response—remain as set. *See* Dkt. 811.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 25, 2025
      New York, New York