

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 26, 2025

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Ghislaine Maxwell*,
              20 Cr. 330 (PAE)

Dear Judge Engelmayer:

      The Government respectfully submits this letter in response to the Court's November 25, 2025, Order. Dkt. 812. The Government responds to the Court's questions below to the best of its ability at this early juncture in its review pursuant to the directives of H.R. 4405, the Epstein Files Transparency Act (the "Act").

      As noted in the Government's motion, Dkt. 810, the Act was passed by Congress and signed by the President on November 19, 2025. Pursuant to the Act, Congress has directed the Attorney General to make publicly available enumerated categories of information. Act § 2(a). Concomitantly, and relevant here, the Act further permitted the Attorney General to withhold or to redact certain categories of information, including records that "contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which constitute a clearly unwarranted invasion of personal privacy." *Id.* § 2(c)(1). While the Act does not require withholding or redacting of victim information, the Department intends to redact or withhold victim information to the fullest extent permitted by the Act and any other applicable laws.[1] Consistent with the Court's Order, Dkt. 811, the Government notified known victims of the instant motion on November 24, 2025. At a minimum, the Government will

---

[1] The Government has been contacted by counsel who represents multiple victims, and has reached out to counsel to confer about concerns raised in counsel's correspondence. The Government intends to discuss with counsel the issues raised in that letter in advance of the Government's December 10 filing with this Court, while simultaneously investigating counsel's claims regarding the provenance and nature of documents provided to and ultimately released by Congress.

Hon. Paul A. Engelmayer, U.S.D.J.
November 26, 2025
Page 2 of 4

confer with counsel for known victims concerning names and terms for withholding or redaction.[2]

In response to the Court's specific questions, the Government clarifies that it seeks modification of all applicable protective orders (*i.e.*, not just docket 36) in this case to permit the Government to make publicly available all categories of materials pursuant to the Act that otherwise would be covered by a protective order. In that vein, the Government respectfully submits that the Act requires the Attorney General to make publicly available not just Rule 16 materials that fall under the Act's enumerated categories, but also materials produced pursuant to Federal Rule of Criminal Procedure 17(c)[3] and 18 U.S.C. § 3500. Any such publication of these materials, of course, would be subject to the limitations in Section 2(c)(1)(A) of the Act. As a result, the Government expects to, at a minimum, redact victim statements to the Government or law enforcement that were produced to the defendant pursuant to 18 U.S.C. § 3500.

With respect to the Court's instruction to identify in "sufficient detail . . . what the materials to be made publicly available consist of," the Government notes that its review of the underlying Rule 16 materials in compliance with the Act is ongoing. To address the Court's question, and to provide additional information to the victims, the Government respectfully sets forth below categories of Rule 16 materials. These categories are based principally on the Government's initial review of discovery letters and logs. To the extent this list is not entirely comprehensive because the Government's review is ongoing, it is intended to provide a sufficient overview of the types of Rule 16 material at issue to inform the victims' response to the Court's Order.

- Judicial process obtained during the course of the investigations (*e.g.*, search warrants and related applications, pen register orders and related applications)
- Financial records (*e.g.*, bank records, credit checks and credit reports, credit card records, money transmitter records, brokerage or other investment account records)
- Travel records (*e.g.*, commercial airline records, private airline passenger logs, online

---

[2] The Government will also confer with counsel concerning a process for identifying any currently unrepresented victims whose identities should be redacted. The Government intends to redact identifying information for anyone who identifies themself as a victim in connection with this process.

[3] Materials obtained by the Government pursuant to Rule 17(c) typically would be produced to the defense pursuant to Rule 16, and therefore subsumed in the Government's Rule 16 productions and subject to the protective order at docket 36. To the extent such materials were deemed outside the scope of Rule 16(a), or were materials produced by the defense to the Government (to the extent they exist), they would not necessarily be governed by the protective order at docket 36. The Government has not yet identified materials in the second category (*i.e.*, obtained by the Government and not produced to or produced by defense counsel), and notes that the protective order at docket 505 appears to be limited to a single Rule 17(c)(3) subpoena issued by the defense to the Epstein Victims' Compensation Fund. *See* Dkts. 487, 496, 505. The Government promptly will notify the Court if it identifies any such materials, but nevertheless requests modification of the protective order at docket 505.

- booking records, flight manifests)
- Grand jury subpoena returns from Internet service providers (*e.g.*, Instagram, Microsoft, Google, other email providers)
- Records obtained from various government agencies (*e.g.*, New York State Department of State, Bureau of Prisons, U.S. Virgin Islands Division of Corporations, NYPD computer checks, Delaware Division of Corporation records, police reports from various law enforcement agencies, SORNA records, FAA records)
- School records
- Search warrant returns (*e.g.*, email, cloud and other ISP searches; photographs, scans, and copies of materials obtained during physical searches; electronic searches of computers, telephones, and other electronic devices)
- Materials produced by law firms, including firms representing victims
- Arrest reports, booking records, post-arrest statements, and photographs and/or copies of materials seized incident to arrest
- Materials from related civil litigations (*e.g.*, recordings from depositions, transcripts of depositions)
- Photographs and videos of relevant properties and locations (*e.g.*, Epstein properties, Maxwell residence, Interlochen)
- Immigration records
- Records related to online purchases from various online retailers
- Materials obtained from the Palm Beach Police Department and the United States Attorney's Office for the Southern District of Florida, including reports, photographs, and videos
- Forensic examination reports related to electronic extractions of various media
- Copies of photographs and other materials voluntarily produced by third parties, including victims
- Postal and courier records (*e.g.*, FedEx)
- Materials produced by the estate of Jeffrey Epstein
- Driver's licenses and DMV records
- Reports and notes of interviews of third parties and victims, and certain communications relating to the same

To the extent the aforementioned Rule 16 and Section 3500 materials contain personal records of a victim that otherwise would result in an unwarranted invasion of the victim's personal privacy—such as photographs,[4] bank records, phone records, driver's licenses, birth certificates, or school records of a victim—the Attorney General will withhold such files (or appropriately

---

[4] The Government notes that under the controlling protective order, certain Rule 16 materials were designated as "Highly Confidential," which was defined to include "nude, partially-nude, or otherwise sexualized images, videos, or other depictions of individuals." Consistent with the above, and pursuant to pursuant to Section 2(c)(1)(A) of the Act, the Government will redact or otherwise withhold such materials.

redact them) pursuant to Section 2(c)(1)(A) of the Act and any other applicable laws.

In summary, the Government is in the process of identifying potentially responsive materials the publication of which is called for under the Act, categorizing them and processing them for review, and reaching out to known victims and counsel to confer regarding the process and the content of redactions to ensure protection of victim identities. Going forward, the Government will continue this process, making such redactions as may be necessary or appropriate to protect the interests of the victims as it receives input from counsel for victims and any rulings from this Court.

As always, the Government is available if the Court has any questions.

Respectfully yours,

PAMELA J. BONDI
United States Attorney General

TODD BLANCHE
Deputy United States Attorney General
United States Department of Justice


/s/ Jay Clayton
JAY CLAYTON
United States Attorney
Southern District of New York