

**MEMO ENDORSED**
See page 2.

Sigrid McCawley
Telephone: (954) 377-4223
Email: smccawley@bsfllp.com

December 2, 2025

Hon. Richard M. Berman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Hon. Paul A. Engelmayer
U.S. District Court of the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: United States' Motions for Expedited Ruling to Unseal Grand Jury Transcripts and Exhibits and Modify Protective Order in *U.S. v. Epstein*, 19-cr-490 (RMB) and *U.S. v. Maxwell*, 20-cr-330 (PAE)**

Dear Judges Berman and Engelmayer,

We write on behalf of Annie Farmer in response to the Government's renewed motions to unseal grand jury transcripts and exhibits in the above-captioned actions.

Epstein's victims have been denied justice for far too long by multiple Government administrations of both parties. Even now, the Government has failed to investigate anyone other than Epstein himself and *one* of his accomplices, Ghislaine Maxwell, and there is no indication that the Department of Justice (or any of its offices) is taking action against other critical inner circle Epstein accomplices despite Congressional investigations and public reporting concerning his sex-trafficking ring's financial infrastructure. *See* Matthew Goldstein, *In Epstein Case, Follow the Money, Democratic Senator Says*, N.Y. Times (July 17, 2025), https://www.nytimes.com/2025/07/17/business/epstein-banks-wyden-trump.html; Jacob Shamsian, *Jeffrey Epstein's accountant of 22 Years raised alarm bells at JPMorgan. Now Congress wants answers*, Business Insider (Nov. 20, 2025), https://www.businessinsider.com/jeffrey-epstein-accountant-harry-beller-cash-withdrawals-jpmorgan-congress-2025-11; Khadeeja Safdar & Joe Palazzolo, *The CPA and the Lawyer Who Served Jeffrey Epstein—and Control His Fortune and Secrets*, Wall Street Journal (Nov. 22, 2025), https://www.wsj.com/us-news/epstein-accountant-lawyer-control-estate-0d31070b. Only transparency is likely to lead to justice, and for this reason the victims fought tirelessly to achieve the Transparency Act's passage. Nothing in these proceedings should stand in the way of their

**BSF**

victory or provide a backdoor avenue to continue to cover up history's most notorious sex-trafficking operation.

As stated in her August 5 letter in response to the Government's initial requests, Ms. Farmer "supports the unsealing of the grand jury transcripts, as well as the accompanying grand jury exhibits, with redactions only as necessary to protect victims' names, likenesses, and identifying information." *Epstein*, No. 19-cr-00490, Dkt. 72 at 2; *Maxwell*, No. 20-cr-00330, Dkt. 804 at 9. Ms. Farmer incorporates by reference the arguments set forth in her prior submission but asks the Court to clarify (even if it was already abundantly clear) that any order concerning these motions does *not* affect the Department of Justice's ability to otherwise release Epstein-related materials in compliance with H.R. 4405, the Epstein Files Transparency Act (the "Transparency Act").

Ms. Farmer is mindful of Your Honors' prior rulings describing the materials at issue but is also aware of subsequent public testimony and statements from government officials prior to the Transparency Act's passage, which suggested that those rulings and/or "protective orders" (in these or other unidentified proceedings) somehow prohibited further disclosure of Epstein-related materials. While Ms. Farmer remains hopeful that the instant motions reflect a bona fide desire by the Government to provide greater transparency into Epstein's crimes, she is wary of the possibility that any denial of the motions may be used by others as a pretext or excuse for continuing to withhold crucial information concerning Epstein's crimes.[1]

Ms. Farmer therefore respectfully requests that any decision as to the instant motions make abundantly clear that the Court's ruling does *not* affect the Department of Justice's ability to release documents subject to the Transparency Act. For the avoidance of doubt, this would mean that nothing in the Court's rulings affect the Department of Justice's ability to release other materials, including those contained in the "more than 300 gigabytes of data and physical evidence" in the Government's possession.

Docket and file.

SO ORDERED:
Date: 12/3/2025
Richard M. Berman, U.S.D.J.

Respectfully submitted,

*/s/ Sigrid S. McCawley*
Sigrid S. McCawley

*Counsel for Annie Farmer*

---

[1] That the Government styled its motions as ones to, in part, "Modify Protective Order," reinforces Ms. Farmer's concern that the Government will use orders issued by the Court as a public excuse to continue to withhold crucial information.

2