| | |
|---|---|
| 82 | COURT OF APPEAL ORAL ARGUMENT US v Ghislaine Maxwell No. 22-1426-cr |
| 83 | ARTICLE: HNL SEX RING SECRETS EXPOSING JEFFREY EPSTEIN |
| 84 | Jane Doe 84 STEPS TRANSCRIPT, Sit down interview ABC |
| 85 | DANIELLE BENSKY  JANE DOE 3 v INDYK AND KAHN |
| 86 | DOCKET 207 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 87 | DOCKET 239  United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 88 | *LAW AND CRIME DEC 28 2022* |
| 89 | ABC FORMER LEAD FEDERAL PROSECUTOR (AUSA VILLAFANA) |
| 90 | TRANSCRIPT 2910 Dec 20 Closing  United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 91 | DOCKET 63 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 92 | TRANSCRIPT p 2834-3091 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) p. 2881-2884 |
| 93 | TRANSCRIPT  p677-904 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 94 | Tr. 3139, 3140:1-18 |
| 95 | RODRIGUEZ DEPOSITION JULY 29 2009 |
| 96 | *Intentionally left blank* |
| 97 | RODGRIGUEZ CRIMINAL COURT CASE CRIMINAL COMPLAINT |
| 98 | TRANSCRIPT p1172-1235 |
| 99 | *Intentionally left blank* |
| 100 | BIRTHDAY BOOK RELEASED BY US CONGRESS 2025 p.000203 |
| 101 | DOCKET 317 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 102 | TRANSCRIPT  p 918-21 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 103 | TRANSCRIPT p 1141-1422 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 104 | *Intentionally left blank* |
| 105 | PARKINSON GRAND JURY HANDWRITTEN SUMMARY/NOTES |

Ghislaine Maxwell 02879-509 Petition for Writ of Habeas Corpus           x
pursuant to 28 U.S.C. § 2255

| | |
|---|---|
| 106 | TRANSCRIPT p905-1140 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 107 | TRANSCRIPT p 407-765 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 108 | *Intentionally left blank* |
| 109 | Rothstein December 22 2011 Deposition |
| 110 | ALESSI p 952-967 |
| 111 | AGREEMENT FOR SALE OF 44 KINNERTON STREET |
| 112 | DOCKET 286 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 113 | DOCKET 247 page 8 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 114 | DOCUMENTARY: SECRETS OF PRINCE ANDREW |
| 115 | DAILY MAIL 3/7/2011 RE JANE |
| 116 | AIDALA GREEN LETTERS RE IMPACT STMT AND CREDIBILITY of VRG |
| 117 | RADAR ON LINE 2/2/2015 |
| 118 | TRANSCRIPT 607 LINES 11-12 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 119 | DAILY MAIL 4/27/2025 |
| 120 | DOCKET 93 p 37 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 121 | TRANSCRIPT 2910 line 5-25, 2911-12 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN) |
| 122 | DAILY MAIL JANUARY 5 2025 |
| 123 | Sharon Churcher/Tony Lyons transcript |
| 124 | TRANSCRIPT 107-406 United States v. Ghislaine Maxwell, Case No. 20-CR-330 (AJN); 263, 16-21; 238,8-11; 325,4-5; 218,7-10 |
| 125 | 3501.226.072 |
| 126 | 3501.226.030 |
| 127 | 3516.002 |
| 128 | 3501.018.017 |
| 129 | GJ Transcript Recarey |

130   Maurene Comey v US – Complaint 2025

131   Press Release USAO SDNY July 6 2020

132   TRANSCRIPT 12/7/2021 Jane communicating with brother about his evidence p.1424 et seq

133   EVIDENCE OF HAUGHT (Trial transcript 1748; 3516.002 p. 3)

134   (Transcript 2821 line 15-16 EXHIBIT 134) "I didn't permit and there will be no argument about the Governments motivations ".

135   Juror#50 newly revealed jurors were *"confused"* on legal interpretation of the law and on definitions (REUTERS Jan 5 2022; DAILY MAIL JAN 5 2022)

136   DOCKET 593

137   Transcript 3126 line 16-21)

138   DOCKETS 249, 255, 265

139   DOCKET 257

140   DOCKET 353

141   Danielle Bensky and Jane Doe 3 individually and on behalf of all other similarly situated v. Darren Indyke and Richard D. Kahn at P. 23 para 88

142   STEPTOE LETTER 1:10-cr-00490-RMB DOC 6

143   CVRA DKT 205-2 p.10 Notes 9-10

144   TRANSCRIPT Memorandum Opinion & Order, Nov 1, 2021; Page 15 line 22 page 16 line 27 line 1-3

145   Tr 2517 line 5-17

146   3501-492-003

147   Jane Doe 1 and Jane Doe 2 v.US 08-cv-80736 (S.D.Fla July 4th 2013)

148   TRANSCRIPT:19 CR 490 (RMB) P.14-15

INTRODUCTION

Petitioner Ghislaine Maxwell, proceeding pro se, respectfully moves this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her conviction and sentence. Since the conclusion of her trial, substantial new evidence has emerged from related civil actions, Government disclosures, investigative reports, and documents demonstrating constitutional violations that undermined the fairness of her proceedings.

This newly available evidence—derived from litigation against the Federal Bureau of Investigation, various financial institutions, and the Estate of Jeffrey Epstein, as well as from sworn depositions, released records, and other verified sources—shows that exculpatory information was withheld, false testimony presented, and material facts misrepresented to the jury and the Court. The cumulative effect of these constitutional violations constitutes a complete miscarriage of justice, rendering Petitioner's conviction invalid, unsafe and infirm.

Petitioner raises nine principal grounds for relief, each supported by newly discovered or previously suppressed evidence. In the light of the full evidentiary record, no reasonable juror would have convicted her. Accordingly, she seeks vacatur of her conviction, an evidentiary hearing, and such other relief as this Court deems appropriate and justice requires.

LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may move the sentencing court to vacate, set aside, or correct the sentence if it "was imposed in violation of the Constitution or laws of the United States," if the court lacked jurisdiction, or if the conviction resulted in a "fundamental defect which inherently results in a complete miscarriage of justice." Gomez v. United States, 87 F.4th 100, 106 (2d Cir. 2023); Kassis v. United States, 3 F.4th 556, 564 (2d Cir. 2021).

Because Petitioner proceeds pro se, her submissions must be liberally construed and held to less-stringent standards than those drafted by counsel. United States v. Parisi, 529 F.3d 134, 139 (2d Cir. 2008); Publicola v. Lomenzo, 54 F.4th 108, 111 (2d Cir. 2022). Courts must interpret such pleadings broadly to determine whether they raise colorable legal claims.

This motion is timely under § 2255(f) because the Supreme Court denied certiorari on October 6, 2025, and the newly discovered evidence presented herein could not, with due diligence, have been obtained earlier. The grounds set forth below meet the threshold showing required under § 2255 and warrant full consideration, an evidentiary hearing, and the appropriate relief.

POINT ONE

Juror Misconduct Violated Petitioner's Sixth Amendment Right to an Impartial Jury

A.   Overview

Petitioner's conviction must be vacated because Juror #50 ("Scotty David") gave false answers during voir dire, concealing a history of sexual abuse directly relevant to issues at trial. Subsequent interviews, new evidence and sworn statements confirm intentional concealment and actual bias, depriving Petitioner of her Sixth Amendment right to an impartial jury and her Fifth Amendment right to due process. U.S. Const. amend. VI, Impartial Jury Clause, U.S. Const. amend. V, Due Process Clause

B.   Governing Law

A verdict rendered by a juror who intentionally conceals material information during voir dire is constitutionally infirm. McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 554 (1984); Smith v. Phillips, 455 U.S. 209, 217 (1982). The Second Circuit holds that when a juror's deception indicates bias, the verdict must be set aside. United States v. Nelson, 277 F.3d 164, 201 (2d Cir. 2002); 2nd Cir 2002 Torres v US 128 F3d 38,43 (2d Cir 1997. See also Dyer v Calderon, 151 F3d 970,983 (9th Cir 1998)(en banc).

C.   Factual Background

Following the verdict, Juror #50 publicly disclosed having been a victim of sexual abuse, a fact he denied in voir dire. At the post-trial hearing, Juror #50 conceded his public statements but minimized their significance. (Dkt.645 at 23:19-24) EXHIBIT 1. The court denied a new trial finding he had made an " inadvertent mistake". (Dkt.653 at 10) EXHIBIT 2; that he had not 'committed perjury and lied in an effort to be on the jury'[1]. (id at 39) EXHIBIT 2. In fact, Juror #50 lied in his written responses to the Voir Dire Questionnaire and in his oral answers to the court.

New reporting contradicts the courts findings and establishes actual bias. At the hearing Juror #50 :

1.   Stated he learned of the sexual abuse questions on the questionnaire during the Daily Mail interview Jan 5, 2022. (Dkt.645 at 15:19-22) EXHIBIT 1. The Court relied on his answer to deny a new trial (Dkt.653 at 18) . EXHIBIT 2 .

---

[1] Juror 50 pleaded the 5th at the hearing and was granted immunity to testify. (Dkt.645:14-25, 645:1-19) EXHIBIT 1.

Contradiction: He learned of sexual abuse questions prior to Daily Mail interview in his first interview with Lucia Osborn Crawley ("LOC") on December 31st 2021. ("Lasting Harm" at page 219) EXHIBIT 3.

2.   Denied discussing the consequences of revealing his history of sexual abuse with *any* reporter. (Dkt.645 at 45:7-13) EXHIBIT 1 The Court relied on his answer, stating "he was incentivized to tell the truth or face perjury charges". (Dkt. 653 at 16) EXHIBIT 2.

Contradiction: He discussed the "repercussions" with a reporter, who was also a trained lawyer. (PODCAST The Kicker at 28.50m Jan 7 2022) EXHIBIT 4 LOC 2/4/24.

3.   Scotty David claimed he did not discuss his sexual abuse in detail in interviews. (Dkt.645 at 22:13-17 ) EXHIBIT 1. The Court relied on his answer; that he gave no details of his sexual abuse: (Dkt.653 at 22) EXHIBIT 2.

Contradiction: "He talked about his own abuse." Therefore, *he did* discuss his abuse in detail with a journalist, he wanted "his story of abuse told". (Independent 4th Feb 2024, EXHIBIT 8 and The Objections Podcast at 4.06 m) EXHIBIT 5.

The Court denied a new-trial motion (Dkt. 653 at 22) EXHIBIT 2, finding "inadvertence". However, Juror #50's later statements contradict that finding, his contradictions appear to be deliberate falsehoods (Dkt.653 at 13) EXHIBIT 2, that establish actual bias and knowledge of his inaccurate responses in Voir Dire and his willingness to lie to get seated on Petitioner's jury.

D.   Disregard for Court Instructions

During the Hearing Juror #50 stated he was "not concerned with following the judge's instructions." (Dkt. 645 at 18:15-16.) EXHIBIT 1. Such willful defiance demonstrates partiality. His dishonest answers, a lack of candor, and the judge's erroneous reliance on his truthfulness denied Petitioner a fair trial by an impartial jury when the trial judge refused to grant a retrial. (Dkt 653 at p38) EXHIBIT 2. (See Dyer, 151 F.3d at 983).

E.   Bias

Juror #50 described his abuse as the 'same' as matters at trial "I wanted people (Jurors) to understand from someone else that had "gone through *the exact same thing*" [emphasis added] [Paramount+ "Ghislaine Maxwell: Partners in Crime at Episode 4:47:21m. The verdict is it over". Aired Apr 6 2022.] EXHIBIT 7.

The Court determined that Juror #50's abuse was 'not so similar' to exercise her discretion. However, what is important is what *the Juror thought and felt* [emphasis added] not how the Judge *thought* he (the Juror) felt. (Docket 645 at 33 EXHIBIT 1. Defense requested that the Judge pause to review 'a bombshell interview' with Juror #50

in which he revealed that his abuse was *"the same"* as the matters at trial, before she issued her ruling. She declined to review the material and critically, Juror #50 in the bombshell interview revealed, that his abuse was the 'same' as the matters at trial. (Dkt 653 at 11, fn 2) EXHIBIT 2; Episode 4 at 47.21m. EXHIBIT 7

F.    At least 2 Additional Jurors concealed their sexual abuse in Voir Dire

1.    Juror #50 made clear that he spoke about his sexual abuse 'after' another Juror in fact discussed his sexual abuse revealing an additional juror spoke of their abuse. "I wanted people (Jurors) to understand from **someone else** [emphasis added] who had gone through the exact same thing" [Paramount+ "Ghislaine Maxwell: Partners in Crime. The verdict is it over". Aired Apr 6 2022 at 47:21m.] EXHIBIT 7.

2.    LOC,[2] confirmed 2 additional jurors discussed their abuse in deliberations (Independent. "My part in triggering Ghislaine Maxwell's appeal that could lead to a retrial". Sun. 4th Feb.2024) EXHIBIT 8. LOC spoke to the additional jurors. (Lasting Harm at p 193) EXHIBIT 3. The Court sealed the correspondence from the Jurors who wrote to the Court, not disclosing content to the Petitioner. The Court ruled there was not sufficient evidence to prove that additional jurors discussed their personal history of abuse and ruled the New York Times article "inadmissible hearsay". (Dkt 620 at p 11) EXHIBIT 60.

G.    Prejudice

Jurors were carefully selected by Petitioner's Counsel. *None* of the deliberating or alternate jurors had answered "yes" when asked if they were a victim of sexual abuse, assault or harassment. (Dkt. 613 at 11 n.4) EXHIBIT 9. Participation of even one biased juror violates the Sixth Amendment. Fullwood v. Lee, 290 F.3d 663, 678 (4th Cir. 2002). Here, *three* jurors concealed abuse histories, creating impermissible bias. Pena-Rodriguez v. Colorado, 580 U.S. 206 (2017). The importance of unbiased jurors was revealed when Juror #50 stated that a number of the other jurors had "serious credibility issues" with some of the witnesses. Paramount+ Episode 4 at 14.06 EXHIBIT 7. Juror misconduct should reverse a conviction when " a non-speculative impropriety has occurred." US v. Ianniello F.2d 540, 543 (2d Cir .1989)

Conclusion

Because Juror #50's misrepresentations establish both intentional concealment and actual bias, and at least 2 additional jurors concealed their sexual abuse from the Court in voir dire , the Petitioner's conviction rests on an unconstitutional jury of 9. Under *McDonough* and *Torres*, the Court must vacate the judgment or at the very least grant an evidentiary hearing.

---

[2] a juror called the court to report an unsolicited contact with a journalist, Dkt.620 at p 10, fn 5  EXHIBIT 60 and LOC reveals talking to other Jurors (Lasting Harm at 193 (published 2024).

POINT TWO

Suppression of Grand Jury Testimony of Testifying Witnesses Violated Due Process and the Brady Doctrine

A.   Overview

The prosecution concealed Det. Michael Parkinson's grand-jury testimony, EXHIBIT 11 which conflicted with his trial testimony EXHIBIT 10 and undermined the Government's only[3] evidence, a massage table, establishing the interstate-commerce element of Counts 5 and 6. This suppression of that grand Jury testimony violated the holdings in Brady v. Maryland, 373 U.S. 83 (1963), and Napue v. Illinois, 360 U.S. 264 (1959).

B.   Governing Law

*Brady* requires disclosure of exculpatory evidence; Giglio v. United States, 405 U.S. 150, 153–55 (1972); United States v. Orena, 145 F.3d 551, 557 (2d Cir. 1998). Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution."— *Brady v. Maryland*, 373 U.S. 83, 87 (1963)

If the Government deliberately fails to disclose evidence, the standard is less demanding. *United States v. Bravo*, 808 F. Supp. 311 (S.D.N.Y. 1992) ("If it can be shown that the Government deliberately suppressed evidence, a new trial is warranted if the evidence is merely material or favorable to the Petitioner.") (citing *United States v. Kahn*, 472 F.2d 272, 287 (2d Cir. 1973)). Knowledge of evidence held by one Government agency can also be imputed to the Government as a whole. *Bravo*, 808 F. Supp. at 320 n.10 ("For purposes of *Bravo*, 'the Government is but a single entity, each member of which is charged with the knowledge of the whole.'").

C.   Factual Background

At trial, Parkinson testified he seized a massage table from Epstein's bathroom (with a shower) in his Palm Beach residence to prove interstate commerce.(TR 1089 line 10-14) EXHIBIT 10 However, his grand-jury testimony, released in 2024, shows he did not identify Epstein's table from JE's bathroom (with a shower), but a different table in an adjacent bathroom with a tub. (Parkinson GJ 110:5–24) EXHIBIT 11. Carolyn, the sole witness to Counts 5 and 6, described the location of Epstein's massage table which was in a bathroom, with a steam room and a shower, no tub.[Emphasis added] (Tr

---

[3] Defense argued a lack of sufficiency of the evidence to convict on the massage table (Tr.2908-2909) EXHIBIT 92, the government argued that Carolyn was abused on the table – which was all that was required. (Tr.2894:25, 2895:1-4) EXHIBIT 92. Petitioner was charged with sending gifts to Carolyn in the Indictments but the government admitted the allegation was not proved at trial (Tr.2795:10-21) EXHIBIT 34 sealed 12/18/21. The table was the sole evidence produced for interstate commerce.